372 A.2d 812
**COMMONWEALTH of Pennsylvania**
v.
**Richard WRIGHT, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 10, 1977.

Decided April 28, 1977.

Joseph C. Santaguida, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

Richard Wright was convicted in Philadelphia of murder of the second degree following a trial without a jury. Post-verdict motions were denied by a court *en banc* and sentence was imposed. This appeal followed.

The sole complaint on appeal is that it was reversible error to permit over objection evidentiary use at trial of an incriminatory statement made and signed by Wright while in police custody. It is contended this statement resulted from physical and mental coercion.

Prior to trial, Wright filed a motion to suppress the foregoing evidence and at a hearing on this motion he testified, *inter alia,* that the statement was made only after he had been struck with a blackjack by an interrogating police officer and threatened with further physical abuse. Witnesses for the Commonwealth specifically denied this testimony.

At the conclusion of the hearing, the hearing judge concluded the challenged statement was voluntary and denied the motion to suppress. However, no specific findings of fact were recorded and, the conflict in the testimony as to whether or not Wright had been subjected to physical abuse prior to making the statement was not definitively resolved. The judge, after orally reviewing certain portions of the testimony, stated:

"  .   .   . therefore, I believe that the Commonwealth has sustained its burden of proof by a mere preponderance that this man knew what he was signing to and that his signature was placed there voluntarily, although albeit, he *may* have been subjected to some blows.   .   .   . " [Emphasis added.]

The record demonstrates another important deficiency.

Wright was initially taken into custody by the Upper Dublin police who then turned him over to agents of the Federal Bureau of Investigation. After a hearing before a United States Magistrate, custody was given to the Philadelphia police for prosecution on the murder charge involved herein. At the suppression hearing, Wright testified that before custody was given to the Philadelphia police, he telephoned a relative from the Federal Building and requested that the relative obtain a lawyer for him, and that upon his arrival at the Philadelphia Police Administration Building, he asked permission to phone the relative again but was not allowed to do so.

In the course of its discussion at the end of the suppression hearing, the court said there is "no question that (Wright) asked for a lawyer." Wright now contends this was a finding of fact which mandated suppression of his incriminatory statement. The Commonwealth urges the judge's discussion did not constitute a finding of fact but was merely an account of the evidence presented.

We are unable to ascertain from the trial court's opinion whether the statement constituted a finding of fact or, as the Commonwealth argues, an account of the evidence presented. Further, even if we were to assume it constitutes a finding of fact, we cannot determine when or to whom the request was made. Since such a request, if made, would clearly be an important factor in reviewing the correctness of the ruling denying the motion to suppress and since, if such a request were made, when it was made and to whom it was made are important circumstances, we will remand the record to the trial court for specific findings on this aspect of the case and also for specific findings as to whether or not Wright was physically abused before he incriminated himself.

While this Court could, under the circumstances, now proceed to evaluate and resolve the conflicting testimony

this record presents (See, *Commonwealth v. Sparrow*, 471 Pa. 490, 370 A.2d 712 (1977) (filed February 28, 1977); *Commonwealth v. Smith*, 470 Pa. 219, 368 A.2d 272 (1977) and *Commonwealth v. Ewell*, 456 Pa. 589, 319 A.2d 153 (1974)), we conclude that the hearing court is in a better position to do so and we so direct.

We will continue jurisdiction of this appeal and defer decision thereon until receipt of the trial court's findings.

It is so ordered.

JONES, former C. J., did not participate in the consideration or decision of this case.

ROBERTS, J., concurs in the result.