376 A.2d 988

COMMONWEALTH of Pennsylvania

v.

**Richard WRIGHT, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 10, 1977.

Jurisdiction Continued April 28, 1977.

Decided July 8, 1977.

Joseph C. Santaguida, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief; Appeals Div., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

OPINION

EAGEN, Chief Justice.

Richard Wright was convicted in Philadelphia of murder of the second degree, criminal conspiracy, and robbery following a trial without a jury. Post-verdict motions were denied by a court *en banc* and judgment of sentence of life imprisonment was imposed on the murder conviction. Judgments of sentence on the other convictions were suspended.

Wright appealed from the judgment of sentence imposed on the murder conviction advancing only one assignment of error. He argued the court committed prejudicial error in not granting a motion to suppress evidence of and later permitting at trial evidentiary use of an incriminating statement given by him while in police custody because the statement was not voluntarily given. When the appeal was first presented to us, the record disclosed certain deficiencies in the suppression court's findings of fact. Hence, we continued jurisdiction and directed that court to make additional findings. *Commonwealth v. Wright*, 472 Pa. 524, 372 A.2d 812 (1977) (filed April 28, 1977). These findings have now been filed, and we can now pass on the merits of Wright's argument.

Where, as here, a suppression court has made specific findings of fact and those findings are not wholly lacking support in evidence, we are bound by them, *Commonwealth v. Sparrow*, 471 Pa. 490, n. 5, 370 A.2d 712, n. 5 (1977); but, we may disregard any erroneous legal conclusion drawn therefrom. *Commonwealth v. Johnson*, 467 Pa. 146, 152, 354 A.2d 886, 889 (1976). See *Commonwealth v. Smith*, 470 Pa. 220, 368 A.2d 272 (1977).

The evidence here supports, and therefore we must accept, the suppression court's finding, made pursuant to our directive to resolve conflicts in the evidence, that Wright was struck by a police officer during interrogation and prior to incriminating himself. Moreover, we must also accept the court's finding that he was struck "as he [Wright] testified."

Wright testified he was struck on the "head with a blackjack."

This fact, when considered with the remaining circumstances under which the statement was given, mandates reversal of the suppression court's legal conclusion that the statement was voluntarily given.

The suppression court reasoned that being struck in the manner described "would not overpower the will of a person of reasonable intelligence, who is physically large and not suffering from any ailments" and that "[t]he facts as testified to by [Wright] do not rise to conditions which amount to coercion." We disagree.

Striking an accused in the manner described must be reviewed as an act of physical coercion. Moreover, in reviewing the voluntariness of a confession in *Commonwealth v. Cockfield*, 465 Pa. 415, 350 A.2d 833 (1976), we said:

> "To be valid, a confession must be given free of any physical . . . coercion which might interfere with one's will to resist."

Since Wright's statement was not given under circumstances free of physical coercion which might have interfered with his will to resist, the motion to suppress should have been granted and the introduction of it into evidence constitutes error.

Finally, the evidentiary use of the statement at trial cannot be considered harmless error * because it is the only evidence in the record directly linking Wright to the crimes. *Commonwealth v. Jackson*, 459 Pa. 669, 331 A.2d 189 (1975).

The judgment of sentence is reversed and a new trial is granted.

POMEROY, J., joins in this opinion and filed a concurring opinion.

JONES, former C. J., took no part in the consideration or decision of this case.

* The Commonwealth does not raise any harmless error issue.

POMEROY, Justice, concurring.

The sole issue presented by this appeal is whether appellant's incriminating statement was given voluntarily. I agree with the majority that in the circumstances of this case, appellant's statement must be deemed to have been the product of physical coercion, and hence involuntary.

The suppression court, observing that the defendant, 25 years of age and a high school graduate, was "big, healthy and knowledgeable", found it "difficult to believe that one blow would have so terrorized this man that he would have been coerced into giving a statement". The court also noted that despite Wright's statement that he was afraid, his own testimony indicated that he was aware of his rights and that his will was not overborne. While not condoning the mistreatment at the hands of the detective, the court found that it did not "amount to coercion".

I agree with the view implicit in the trial court's opinion that the law is not that *any* amount of physical contact, regardless of its nature or degree and regardless of other attendant circumstances, will automatically render a confession invalid. The basic inquiry in cases such as this remains whether under the totality of circumstances a statement is "the product of an essentially free and unconstrained choice of its maker." *Culombe v. Connecticut,* 367 U.S. 568, 602, 81 S.Ct. 1860, 1879, 6 L.Ed.2d 1037, 1057 (1961). But I think one must conclude that being struck on the head with a blackjack during the course of custodial interrogation is a sufficiently severe and brutal act of physical abuse as to preclude the conclusion that the statement which followed was voluntary in any meaningful sense of the word. Because I believe this to be the thrust of the majority's holding, I join in the opinion of the Court.