Commonwealth *v.* Allen, Appellant.

404

Argued November 12, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and CERCONE, JJ. (SPAULDING, J., absent).

*Arnold W. Hirsch,* for appellant.

No oral argument was made nor brief submitted for appellee.

OPINION BY WATKINS, J., March 24, 1972:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Fayette County after conviction of the defendant, William E. Allen, of armed robbery; and from the refusal of the post-trial motion for a new trial and in arrest of judgment.

The case arises out of an armed robbery of the Kroger Store Uniontown, Pennsylvania. Five witnesses testified that an armed robber entered the store and committed the crime. The manager of the store, who was accosted by the robber, failed to identify him but the other four witnesses did identify him. The appellant complains that one of the witnesses testified to seeing him commit an entirely different burglary. The trial court erred in refusing to declare a mistrial after this witness for the Commonwealth stated on direct examination that the defendant had been observed by the witness committing another unrelated robbery at an-

other time. The witness stated that he had seen the defendant when he robbed the store another time. The defendant did have another case pending against him for robbery and subsequently he was tried and acquitted of that charge.

Evidence of a different crime, except under special circumstances, cannot be given against the defendant on trial for another crime because the fact of the commission of one offense is no proof of the commission of another. *Commonwealth v. Jenkins*, 442 Pa. 588, 277 A. 2d 356 (1971). See also, *Commonwealth v. Rivers*, 218 Pa. Superior Ct. 184, 279 A. 2d 766 (1971); and *Commonwealth v. Trowery*, 211 Pa. Superior Ct. 171, 235 A. 2d 171 (1967).

It is the well established common law that in criminal cases proof which tends to show the accused is guilty of the commission of other crimes is not competent and inadmissible for the showing of the commission of the particular crime charged. *Commonwealth v. Trowery*, supra.

We cannot see the special circumstances present in this case. The testimony was not offered to prove common scheme, plan or design embracing the commission of the two burglaries. The witness had already identified the defendant as the one who had committed the crime charged so there was no need to establish his identity by testimony concerning the second burglary.

We also agree with the defendant that the court erred in refusing to allow the defendant the use of the police investigative report for cross-examination purposes. The prosecuting officer was on the stand and had used the report to refresh his recollection. He stated that it contained his interviews of the various clerks in the store who had testified for the Commonwealth. *Commonwealth v. Kontos*, 442 Pa. 343, 275 A. 2d 830 (1971); and *Commonwealth v. Smith*, 417 Pa. 321, 208 A. 2d 219 (1965).

In *Kontos,* supra, the Court pointed out that the *Smith* case and a portion of Pennsylvania Rules of Criminal Procedure, Rule 310, seem to be in irreconcilable conflict. The Court held that Rule 310 must be strictly construed and the *Smith* case followed if there is a conflict. The Court makes the point that limiting pretrial discovery in criminal cases does not extend such limitations to the at-trial situation. See also, ABA Project on Standards for Criminal Justice, Discovery and Procedure Before Trial 62.1(a)(i) (1970); *Commonwealth v. Swierczewski,* 215 Pa. Superior Ct. 130, 257 A. 2d 336 (1969); *Commonwealth v. Kubacki,* 208 Pa. Superior Ct. 523, 224 A. 2d 80 (1966).

The court also erred in permitting cross-examination of the defendant as to criminal charges for which the defendant was arrested but never convicted because the charges were dropped in clear violation of the Act of 1911, March 15, P. L. 20, 19 P.S. 711. *Commonwealth v. Trowery,* supra.

The defendant had taken the stand and denied that he was the person who robbed the store. The Commonwealth on cross-examination asked him about charges made against him without conviction. No record was attempted to be introduced. He was examined as to a plea in a fornication and bastardy case in which he paid a fine. Counsel made a motion for a mistrial which was denied. The court in its charge referred to the fornication and bastardy plea.

Fornication is not a "crimen falsi". *Commonwealth v. Schambers,* 110 Pa. Superior Ct. 61, 167 Atl. 645 (1933). "When we use the expression, 'a misdemeanor in the nature of crimen falsi', we mean a crime less than felony, that by its very nature tends to cast doubt on the veracity of one who commits it." *Commonwealth v. Mueller,* 153 Pa. Superior Ct. 524, 34 A. 2d 321 (1943).

*Commonwealth v. Barron,* 438 Pa. 259, 264 A. 2d 710 (1970), holds that the Act of 1911, "must be adhered 'to the letter'". And in *Commonwealth v. Bastone,* 211 Pa. Superior Ct. 509, 239 A. 2d 863 (1968), upon which the Commonwealth relies, this Court did not justify questions concerning an arrest without conviction. It did hold that the defendant impliedly intended to establish good character by giving testimony. In *Bastone,* there was no objection to the cross-examination and the court charged that the evidence of prior convictions were only admitted to attack credibility.

"The Act of 1911 does not provide legal authority for inquiry into arrests, indictments or charges not resulting in conviction." *Commonwealth v. Butler,* 213 Pa. Superior Ct. 388, 247 A. 2d 794 (1968).

For the reasons set forth in this opinion, the judgment of sentence is reversed and a new trial granted.

WRIGHT, P. J., would affirm the judgment below.