350 A.2d 833
**COMMONWEALTH of Pennsylvania**
**v.**
**Charles COCKFIELD, Appellant (three cases).**

Supreme Court of Pennsylvania.

Argued Nov. 27, 1974 (J–537).

Decided Jan. 29, 1976.

416

---

Robert B. Mozenter, Donald G. Joel, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Richard A. Sprague, 1st Asst. Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before JONES, C. J., and O'BRIEN, POMEROY and MANDERINO, JJ.

## OPINION

MANDERINO, Justice.

In 1964, appellant Charles Cockfield was convicted by a jury of murder in the first degree and arson. Appellant was granted a new trial because of the admission at trial of illegally obtained evidence. *Commonwealth v. Cockfield*, 431 Pa. 639, 246 A.2d 381 (1968). Upon retrial in 1969, appellant was again convicted by a jury of murder in the first degree. Post-verdict motions were denied and this appeal followed.

Appellant was convicted of the murder of his friend, Ida Quattlebaum, and her two children, all of whom were burned to death in a fire that destroyed their house in 1960. Following his arrest, appellant confessed to having poured gasoline on the porch of Ida Quattlebaum's house, but he denied having ignited the gasoline.

Appellant now argues that his confession should have been suppressed contending that an examination of the totality of the circumstances surrounding the taking of the confession shows that it was not voluntarily given. We do not agree. To be valid, a confession

must be given free of any physical or psychological coercion which might interfere with one's will to resist. *Culombe v. Connecticut*, 367 U.S. 568, 81 S.Ct. 1860, 6 L. Ed.2d 1037 (1961); *Commonwealth ex rel. Butler v. Rundle*, 429 Pa. 141, 239 A.2d 426 (1968). Appellant does not claim that he was physically abused in any way, but argues that other factors rendered the confession involuntary. Viewing the evidence presented by the Commonwealth and as much of the evidence for the defense as remains uncontradicted, *Culombe v. Connecticut, supra; Commonwealth ex rel. Butler v. Rundle, supra,* we find that the prosecution has sustained its burden of showing that appellant's confession was voluntarily given.

The facts in the case have been accurately stated by the court en banc as follows:

"Appellant was taken into custody at his home at 1:00 A.M. on April 8, 1960 in connection with the alleged arson-homicide of a Mrs. Quattlebaum and her two children. The defendant was immediately driven to the West Detective Division at 55th and Pine Streets. At 2:00 A.M. until 2:45 A.M. defendant was questioned. He then rested until 3:05 A.M., during which time defendant was offered but declined any food. Questioning resumed at 3:05 A.M. At 4:10 A.M. defendant was given water. Thereafter, from 4:10 A.M. until 6:40 A.M. defendant was again questioned.

"The defendant was later transferred to the Homicide Unit in Room 117 City Hall. Arriving at 9:30 A.M., defendant was given food and rested until 2:00 P.M. at which time he agreed to take a lie detector test, which he subsequently failed. Questioning resumed at 5:30 P.M. Thereafter, at 6:30 P.M., defendant agreed to give a statement. At 6:40 P.M., defendant was again given an opportunity to rest and eat.

"The taking of the statement started at 7:10 P.M. There were intermittent breaks during which defend-

ant was given an opportunity to rest. The taking of defendant's statement was concluded at 12:05 A.M. April 9, 1960 at which time defendant read it.

"There is conflicting evidence as to whether defendant signed or started to sign a carbon copy of his statement at this point. In any event, the uncontradicted testimony indicates that a few moments later, defendant's attorney, Cecil Moore, along with two of the defendant's uncles, entered the interrogation room: . . . Mr. Moore, after having been advised of the nature of the charges against his client, was shown the statement and was afforded an opportunity to read the same: . . . After Mr. Moore finished his perusal of the statement, he instructed his client to sign the original statement and the remaining carbon copies. The two uncles who entered the interrogation room with Mr. Moore were present during Mr. Moore's reading of the statement, his advice to his client and the defendant's subsequent signing: . . . ."

It may very well be that had the appellant not conferred with counsel his confession would be considered involuntary under the totality of the circumstances test. The appellant, however, after conferring with counsel who had an opportunity to read the confession, reaffirmed, on the advice of counsel, his willingness to make the statement by signing the statement in the presence of counsel. Psychologically coercive influences may have affected the appellant prior to his consultation with counsel, but it cannot be said that the signing of the statement after consultation with counsel was a product of those factors. Counsel had not been subjected to those factors and after being informed of the statement advised his client to sign the statement. Appellant was obviously following the advice of counsel. Had counsel advised otherwise, any statement made or signed by the appellant prior to the appearance of counsel would present an entirely different question. Under these circumstances, however,

we cannot conclude that the prosecution failed to meet its burden of proving the voluntariness of the confession by a preponderance of the evidence. *Commonwealth ex rel. Butler v. Rundle,* 429 Pa. 141, 239 A.2d 426 (1968).

Appellant also maintains that the prosecution failed to establish the corpus delicti of the crime of arson prior to the introducing of appellant's confession at trial. Until the corpus delicti is established, introduction of the accused's statements is inadmissible. *Commonwealth v. May,* 451 Pa. 31, 301 A.2d 368 (1973); *Commonwealth v. Leamer,* 449 Pa. 76, 295 A.2d 272 (1972). Appellant argues that without the introduction of his confession, there was insufficient evidence to support a conviction.

To sustain a conviction for arson, the prosecution must establish that there was a fire, that it was of incendiary origin, and that the accused was the guilty party. *Commonwealth v. Leslie,* 424 Pa. 331, 227 A.2d 900 (1967). To establish the corpus delicti, the Commonwealth must show proof of death resulting from a fire of incendiary origin. *Commonwealth v. May, supra.* Since the prosecution need not affirmatively exclude the possibility of accident or suicide when proving the corpus delicti, the prosecution "has met its burden of establishing a corpus delicti for the purpose of introducing appellant's extra-judicial statements when it has established that the fire causing death resulted from human intervention even though the evidence is consistent with both accidental and criminal conduct." *Commonwealth v. May, supra,* 451 Pa. at 33, 301 A.2d at 370. The prosecution presented an expert witness who testified that, in his opinion, the fire which destroyed the Quattlebaum house was started by an accelerant such as gasoline or kerosene, and two other witnesses who testified that they had smelled gasoline while investigating the fire. From this we find that the prosecution met its burden of establishing the corpus delicti of arson. Thus, appellant's confession was properly admitted into evidence.

■ Appellant's third argument, concerns the admission at trial of certain hearsay evidence. Appellant, however, failed to properly raise the matter in post-verdict motions before the court en banc; it is therefore not a proper subject of review by this Court. *See, Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

Judgment affirmed.

EAGEN, ROBERTS and NIX, JJ., did not participate in the consideration or decision of this case.