385 A.2d 506

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Theodore BETONI, Appellant.**

Superior Court of Pennsylvania.

Submitted March 14, 1977.

Decided April 13, 1978.

Frederic G. Antoun, Jr., Assistant Public Defender, Harrisburg, for appellant.

Edwin W. Frese, Jr., Chief Deputy District Attorney, Harrisburg, and LeRoy S. Zimmerman, District Attorney, Harrisburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

On May 23, 1974, appellant pleaded guilty to charges of issuing worthless checks in connection with his automobile tag business. The plea was a bargained plea. Appellant was placed on probation for five years. He agreed that during the first year he would pay all costs and make restitution to the Commonwealth in the amount of $12,-173.91. If he did not make restitution, he would be subject to a prison sentence of up to four years, to be determined by the court.

On July 17, 1975, that is, more than a year later, appellant not having made the promised payments, a probation revocation hearing was held. Persuaded by appellant's assertions that he would pay, the court modified the payment terms and continued the probation, with the warning that if the terms were not met appellant would be subject to a prison sentence of eleven and one-half to twenty-three months.

When appellant next came before the court on October 14, 1976, he was in violation of his probation for various reasons including failure to make restitution. The court revoked probation and sentenced appellant to one to four years' imprisonment.

On this appeal appellant raises a number of issues. We do not reach them because as an initial matter we find

that on May 23, 1974, when the initial sentence was imposed, the court was powerless to order appellant to make restitution; in that respect, therefore, the sentence was illegal. Between June 6, 1973, and March 30, 1975, Pennsylvania courts had no power to order a defendant to make restitution because during that period the law enabling the courts to order restitution had been repealed and a new one had not yet been passed. *Commonwealth v. Fral*, 248 Pa.Super. 545, 375 A.2d 383 (1977), *Commonwealth v. Flashburg*, 237 Pa.Super. 424, 352 A.2d 185 (1975). Appellant's failure to raise this issue does not preclude our consideration of it. *Commonwealth v. Usher*, 246 Pa.Super. 602, 371 A.2d 995 (1977).

The judgments of sentence are vacated and the case is remanded for imposition of a lawful sentence.[1]

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

1. The new sentence must be consistent, of course, with the prohibition against augmenting an appellant's sentence on remand. *Commonwealth v. Silverman*, 442 Pa. 211, 275 A.2d 308 (1971), *cert. denied*, 405 U.S. 1064, 92 S.Ct. 1490, 31 L.Ed.2d 794 (1972), *Commonwealth v. Tomlin*, 232 Pa.Super. 147, 336 A.2d 407 (1975). We recognize that it may be difficult for the lower court to define what will or will not be an "augmentation" of appellant's now-voided sentence. Any resolution of the problem by this court at this time, however, would be premature.