405 A.2d 1295

COMMONWEALTH of Pennsylvania

v.

James CROWSON.

Superior Court of Pennsylvania.

Submitted May 7, 1979.

Decided June 13, 1979.

Petition for Allowance of Appeal Denied Oct. 24, 1979.

Allan M. Tabas, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, for Commonwealth, appellee.

Before HOFFMAN, EAGEN and HESS, JJ.[*]

PER CURIAM:

Arriving home from work, Betty Harris discovered her basement in disarray, a television set and table lamp missing, and her babysitter, Theodore Williams, dead from gunshot wounds to the head. Subsequent police investigation uncovered the murder weapon, lamp, and television in appellant's residence. He was convicted of burglary, robbery and murder of the first degree.

Appellant contends, *inter alia*,[1] that there was insufficient evidence to sustain the burglary conviction because there

---

[*] Chief Justice Michael J. Eagen of the Supreme Court of Pennsylvania and Judge Warren K. Hess of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

[1] We have examined all of appellant's remaining contentions and have determined that they are either without merit or waived. They are: the evidence was insufficient to prove robbery and murder of the first degree; evidence of appellant's unexplained possession of the stolen goods 23 days after the crime should have been excluded as irrelevant and to allow the jury to infer guilt from possession denied him due process of law; the lower court erred in allowing an amendment to the indictment at the close of the evidence; evidence obtained at a search of the home of another one of appellant's murder victims should have been suppressed; evidence seized from appellant's residence should have been suppressed because the search warrant was defective; evidence of appellant's guilt of another homicide was erroneously admitted at trial; the court in its charge erroneously commented upon appellant's failure to testify; it was error to exclude for cause five prospective jurors who stated that they would not vote for the death penalty under any circumstances; the court's charge on the elements of involuntary manslaughter,

was no showing that appellant entered the Harris residence "with the intent to commit a crime therein," 18 Pa.C.S.A. § 3502(a). We agree and vacate the judgment of sentence upon the burglary conviction.

■ Burglary requires a specific intent to commit a crime within the entered structure, *Commonwealth v. Bable*, 248 Pa.Super. 496, 375 A.2d 350 (1977), and *specific* intent to do an act cannot be inferred solely from the commission of that act. Specific intent may be inferred from the accused's words and conduct attendant to the entry. *Commonwealth v. Nutter*, 256 Pa.Super. 111, 389 A.2d 626 (1978); *Commonwealth v. Jacobs*, 247 Pa.Super. 373, 372 A.2d 873 (1977). However, we feel that the fact that the accused commits a crime within the structure entered is, without more, insufficient to prove his intent to commit a crime at the time of entry. *See State v. Johnson*, 11 Ariz.App. 478, 479, 466 P.2d 29, 30 (1970); *State v. Keys*, 244 Or. 606, 614, 419 P.2d 943, 947 (1966).

Here, there is no evidence that appellant entered the Harris residence surreptitiously or by force. In fact, there is no evidence at all regarding the manner of entry by appellant. We know nothing about the circumstances regarding appellant's entry. We reject the Commonwealth's argument that specific intent to commit a crime can be inferred solely from the commission of a crime within the entered structure. Because there is no evidence from which it may be inferred that appellant entered the Harris residence with the intent to commit a crime therein, the evidence is insufficient to sustain the burglary conviction.

■ Appellant was sentenced to life imprisonment on the murder conviction and concurrent sentences of 10 to 20 years on the robbery and burglary convictions, both to run consecutively to his life sentence. Appellant has also been sentenced to death upon another first degree murder convic-

burglary, and malice were erroneous; the court erroneously charged that the death of Williams was the result of a felonious act; and the court erred in refusing two of the appellant's submitted points for charge.

tion. Under these circumstances, it would be judicially inexpedient to remand for resentencing upon the remaining convictions under *Commonwealth v. Lockhart*, 223 Pa.Super. 60, 296 A.2d 883 (1972). *Commonwealth v. Moore*, 261 Pa.Super. 92, 101–102, 395 A.2d 1328, 1333 (1978).

Judgment of sentence on burglary vacated; all remaining judgments of sentence affirmed.