407 A.2d 458

**COMMONWEALTH of Pennsylvania**

**v.**

**Nehemiah HARDRICK, Appellant.**

Superior Court of Pennsylvania.

Argued April 9, 1979.

Decided July 25, 1979.

---

104

Ronald P. Rusinak, Assistant Public Defender, Ebensburg, for appellant.

Gerard D. Long, District Attorney, Ebensburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

PER CURIAM:

The instant appeal arises from the sentences imposed on appellant for burglary, theft and receiving stolen goods, all of which grew from an incident which occurred on July 21, 1977.

First, appellant argues that the trial court erred in refusing to order the transcription of the victim's testimony from a previous trial which was aborted by the granting of a

mistrial motion. As general principle, we agree that appellant was entitled to impeach the credibility of the victim by his former testimony. 1 Henry, Pennsylvania Evidence § 481 (1953). Appellant cites no authority for the proposition that he has a right to use the notes of testimony in this regard. Both appellant and trial counsel were present at both the preliminary hearing and the mistrial, and both heard the testimony of the victim, as did the magistrate at the preliminary hearing. Other persons present at the aborted trial could have been subpoenaed had appellant wished to do so. In any event, with regard to three statements the victim made, counsel successfully impeached him. Therefore, we find no error in the court's refusal to transcribe the victim's testimony from the former trial.

Appellant's second argument is groundless, also. This is so because his claim rests on the erroneous assertion that a police officer's testimony was culled from his police report and, therefore, was past recollection recorded. This argument is not supported by the record or the court's ruling. The testimony manifestly was, at most, past recollection revived.

Appellant's third contention is that "the counts of receiving stolen property and theft should have merged with the count of burglary." With this argument we agree, vacate the judgments of sentence, and remand for resentencing on the burglary count. Crimes Code, 18 Pa.C.S. § 3502(d) (1973). On remand the court is directed to comply with the Supreme Court's sentencing requirements as set forth in *Commonwealth v. Kostka,* 475 Pa. 85, 379 A.2d 884 (1977); *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977).

Case remanded for resentencing.

HOFFMAN, J., files a concurring opinion in which WIEAND, J., joins.

HOFFMAN, Judge, concurring:

I agree with the result reached by the majority but disagree with parts of the majority opinion.

I agree with the court's opinion on the issue of the transcription of appellant's first trial.

██ Appellant's second contention is that when a witness testifies on direct examination after being shown a police report on the stand which refreshes his recollection, opposing counsel is entitled to a copy of the report to cross-examine the witness. Hypothetically speaking, appellant is absolutely correct. *See Commonwealth v. Allen,* 220 Pa.Super. 403, 404–05, 289 A.2d 476, 477–78 (1972). However, my review of the record indicates that here the witness never testified from the police report on direct examination. (N.T. 77, 78). Indeed, later in the proceedings it appears that no such written police report existed. (N.T. 80). Even if the report existed, however, defense counsel is not entitled to a writing used out-of-court to refresh a witness' memory when the witness does not take the writing onto the stand. *Commonwealth v. Samuels,* 235 Pa.Super. 192, 197–98, 340 A.2d 880, 882–83 (1975).

██ Regarding appellant's third contention, I would note that the offenses of burglary, theft by unlawful taking, and theft by receiving stolen property, do not "merge." Offenses merge only when all the elements of one offense are also elements of the second offense and result from the same criminal act. *Commonwealth v. Olsen,* 247 Pa.Super. 513, 372 A.2d 1207 (1977). Obviously, these three offenses all have different essential elements, precluding the application of the doctrine of merger here.

██ However, while theft by unlawful taking and theft by receiving stolen property do not merge and may be joined in a single indictment, *Commonwealth v. Bailey,* 250 Pa.Super. 402, 378 A.2d 998 (1977), judgment of sentence cannot be imposed on both because the crimes are by their own definition inconsistent with each other. *Commonwealth v. Simmons,* 233 Pa.Super. 547, 559, 336 A.2d 624, 631 (1975). Moreover, because theft can rise no higher than a felony of the third degree, 18 C.P.S.A. § 3903(a), appellant cannot be convicted of both burglary and the theft which it was his

intent to commit, by the statutory mandate of 18 C.P.S.A. § 3502(d). Under these circumstances, we should affirm the burglary conviction but vacate the convictions of theft by unlawful taking and receiving stolen property. *Commonwealth v. Simmons, supra,* 233 Pa.Super. at 559–61, 336 A.2d at 631–32. Under *Commonwealth v. Lockhart,* 223 Pa.Super. 60, 296 A.2d 883 (1972), we should also vacate the judgment of sentence on the burglary conviction and remand for resentencing thereon.

I also agree with the majority's direction that re-sentencing on the burglary conviction must comply with *Kostka* and *Riggins.*

WIEAND, J., joins in this opinion.