452 A.2d 881

**COMMONWEALTH of Pennsylvania**

v.

**Matthew J. JEFFERSON, III, Appellant.**

Superior Court of Pennsylvania.

Submitted April 13, 1982.

Filed Nov. 19, 1982.

Jack Raydan Heneks, Jr., Uniontown, for appellant.

Gerald R. Solomon, District Attorney, Uniontown, for Commonwealth, appellee.

Before HESTER, JOHNSON and POPOVICH, JJ.

PER CURIAM:

Appellant was arrested on July 23, 1980, and charged with the theft of a 3½ horsepower roto-tiller from a warehouse in Bullskin Township. After a trial by jury, appellant was convicted of burglary and theft by unlawful taking. Post verdict motions were filed and denied. The trial judge imposed a sentence of two (2) to four (4) years imprisonment on each count and directed that the sentences run concurrently. Appellant subsequently filed a Petition for Reconsideration of Sentence, which was dismissed without a hearing. This appeal followed.

Appellant contends that the verdict and sentence on the charge of theft by unlawful taking should be vacated pursuant to 18 Pa.C.S.A. § 3502(d).[1] That section provides:

"Multiple convictions. A person may not be convicted both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense unless the additional offense constitutes a felony of the first or second degree." 18 Pa.C.S.A. § 3502(d).

---

1. Appellant raises six other issues herein, to-wit: (1) the evidence was insufficient to sustain his convictions; (2) identification testimony should have been subject to suppression and/or impeachment through cross-examination; (3) whether the black and white photographs were accurate depictions of appellant's vehicle; (4) whether the Commonwealth laid a proper foundation to establish that the roto-tiller from which the prosecution obtained paint samples was identical to the roto-tiller which was stolen, so as to permit introduction of an expert opinion regarding scientific comparisons of the paint; (5) whether the references in the testimony of respective police officers (a) identifying a case found in appellant's trunk as a "gun case" and also (b) mentioning the seizure of a "shotgun shell" from the trunk of appellant's vehicle, were prejudicial error which could not be cured by cautionary instructions from the court; and finally, (6) whether the court improperly refused to permit the proferred surrebuttal witness to testify for the defense with regard to the sale of a certain vehicle purchased by the appellant from an alibi witness. A review of the record convinces us that the above issues are devoid of merit and do not warrant discussion.

According to the Crimes Code, theft offenses rise no higher than a felony of the third degree. 18 Pa.C.S.A. § 3903.[2] Appellant argues that this explicit statutory prohibition prevents him from being found guilty of both burglary and theft and militates against a sentence on both counts.

This situation is not novel. On many occasions, this Court has been confronted with appellants who were convicted of both burglary and theft. When faced with multiple convictions such as these, "the judgment of sentence for burglary is routinely sustained and the other vacated." *Commonwealth v. Boerner,* 281 Pa.Super. 505, 520 n. 17, 422 A.2d 583, 591 n. 17 (1980); citing *Commonwealth v. Harris,* 269 Pa.Super. 41, 409 A.2d 53 (1979); *Commonwealth v. Price,* 258 Pa.Super. 625, 391 A.2d 696 (1978); *Commonwealth v. Simmons,* 233 Pa.Super. 547, 336 A.2d 624 (1975); *Commonwealth v. Wilks,* 250 Pa.Super. 182, 378 A.2d 887 (1977).

The reason that the verdicts of guilty with respect to the theft charges are not traditionally vacated is found in *Commonwealth v. Black,* 267 Pa.Super. 598, 407 A.2d 403 (1979). Therein, President Judge Cercone reiterated a distinction between a verdict and a conviction that was recited by our Supreme Court long ago:

> "When the law speaks of a *conviction* it means a *judgment,* and not merely a verdict, which in common parlance is called conviction. *Smith v. Commonwealth,* 14 Serg. & R. 69, 70 (1826)."

Id., 267 Pa.Superior Ct. at 602, 407 A.2d at 405. In *Commonwealth v. Minnich,* 250 Pa. 363, 95 A. 565 (1915), the Supreme Court held that a conviction refers to the ascertainment of guilt of the accused *and* the sentence thereon. Consequently, 18 Pa.C.S.A. § 3502(d) has been interpreted to disallow only the sentencing of a defendant on both burglary and theft. "[U]nder the Crimes Code, a person may be both

---

**2.** Theft by unlawful taking, in an amount more than $200.00 but less than $2,000.00, constitutes a misdemeanor of the first degree with a maximum penalty of five years. 18 Pa.C.S.A. § 1104(1); 18 Pa.C.S.A. § 3903(b). The value of the roto-tiller was approximately $350.00.

a burglar and a thief; the Crimes Code merely prohibits his being punished as both." *Commonwealth v. Black,* supra 267 Pa.Super. at 603, 407 A.2d at 405.

In the case at bar, the trial judge properly refused to strike the jury verdict an the theft charge, but he did agree to impose "no sentence . . . for the theft by unlawful taking conviction in order to comply with § 3502(d) of the Crimes Code." However, less than a month later, he did in fact sentence appellant to undergo imprisonment for a period of not less than two (2) years nor more than four (4) years on the theft count. Such a sentence was clearly in error. We therefore vacate the judgment of sentence for theft by unlawful taking. There is no need to remand for resentencing on the burglary charge. Since the two sentences were identical and were to run concurrently, it is obvious that the sentencing judge was not influenced by the theft verdict in imposing the burglary sentence. *Commonwealth v. Jellots,* 277 Pa.Super. 358, 419 A.2d 1184 (1980).

Judgment of sentence for burglary affirmed; judgment of sentence for theft by unlawful taking is vacated.