500 A.2d 144

**COMMONWEALTH of Pennsylvania**

v.

**Detlev TESSEL, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1984.

Filed Oct. 25, 1985.

40

JoAnne F. Tyler, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, President Judge, and BECK and TAMILIA, JJ.

PER CURIAM:

The judgments of sentence for burglary, receiving stolen property, and criminal trespass are affirmed.

SPAETH, President Judge:

This is an appeal from judgments of sentence for burglary, receiving stolen property and criminal trespass. Appellant argues 1) that the trial court erred in admitting appellant's confession into evidence because the Commonwealth

did not establish the *corpus delicti* of burglary by independent evidence; 2) that the guilty verdicts for both theft and burglary were erroneous; and 3) that trial counsel was ineffective in failing to move to suppress appellant's confession. We find appellant's arguments to be without merit. We therefore affirm the judgment of sentence for burglary.

The incident out of which this case arises occurred on November 6, 1980, at the Treadway Motor Inn in Northeast Philadelphia. At approximately 1:00 a.m., two women, Lisa Haley and Judy Kennedy, registered at the inn. The night auditor, Leon Gates, gave them the key to room 217. (N.T. at 28) About twenty minutes later, the women returned to the desk and asked for a larger room. Gates assigned them to room 212, and they returned the key to room 217. (N.T. at 27–29) No one checked room 217 when the key to it was returned. Some time later, however, Gates heard a "rumbling noise" above him, and after calling the police, he went to the landing to investigate. There he and apellant saw each other in the hallway, and appellant turned and walked away in the opposite direction. (N.T. at 30–31) At an unspecified time later in the morning, Gates went to check room 217 and discovered that the television set was missing. (N.T. at 31, 34)[1]

The next afternoon, at approximately 1:30 p.m., Philadelphia Police Lieutenant Baker executed a valid search warrant at appellant's home. He found a television set there with serial numbers matching that which had been stolen from room 217. Lieutenant Baker arrested appellant and took him to the police station where, after being duly warned of his *Miranda* rights, appellant signed a statement that read in relevant part:

I went to the Treadway Inn on the Boulevard. I knew a girl named Judy and another girl named Lisa who had gotten a room there; the numbers I don't know. It was a

---

1. He also discovered, upon checking room 212, that the television set was missing from that room as well, and, in another proceeding, Ms. Haley and Ms. Kennedy were charged with and convicted of that theft. (N.T. at 35)

one bedroom. The girls changed rooms, and I went back to the first room and took the T.V. and left. (N.T. at 39)

Appellant was charged with two separate counts of theft by receiving stolen property,[2] criminal trespass, burglary, and theft.[3] At a consolidated proceeding on November 10, 1981, appellant pleaded guilty to the two counts of receiving stolen property, and, after waiving his right to a jury trial, was tried and found guilty of criminal trespass, burglary, and theft. He was sentenced to two to five years for burglary, to be served concurrently with his sentence in an unrelated case, and he received suspended sentences for receiving and criminal trespass; no sentence for theft was imposed. After his post-verdict motions were filed, argued, and denied, he took this appeal.

–1–

■ Before a defendant's confession may be admitted into evidence, the Commonwealth must establish by independent evidence, that is, independent of the confession, that the crime charged in fact occurred (the *corpus delicti* ). *See Commonwealth v. Cockfield,* 465 Pa. 415, 350 A.2d 833 (1976); *Commonwealth v. Ware,* 459 Pa. 334, 365, 329 A.2d 258, 274 (1974); *Commonwealth v. Leslie,* 424 Pa. 331, 335, 227 A.2d 900 (1967); *Commonwealth v. Moyer,* 277 Pa.Super. 172, 419 A.2d 717 (1980). The reason for this rule was stated in *Commonwealth v. Turza,* 340 Pa. 128, 134, 16 A.2d 401, 404 (1940): "The grounds on which the rule rests are the hasty and unguarded character which is often attached to confessions and admissions and the consequent

2. When Lieutenant Baker executed the search warrant at appellant's home, he found a second television set with serial numbers matching those on a set reported stolen from the Treadway Inn on November 5, 1980. The second count of theft by receiving stolen property relates to this earlier incident.

3. Information No. 1455 charged appellant with criminal trespass, 18 Pa.C.S.A. § 3503; Information No. 1456 charged appellant with burglary, 18 Pa.C.S.A. § 3502; theft by unlawful taking or disposition, 18 Pa.C.S.A. § 3921; and theft by receiving stolen property, 18 Pa.C.S.A. § 3925. A third information, Information No. 1457, related to another incident not relevant here.

danger of a conviction where no crime has in fact been committed."

Crimes may be said to have three aspects: an "occurrence of the specific kind of injury or loss;" "somebody's criminality ... as the source of the loss," and finally, "the accused's identity as the doer of this crime." 7 J. Wigmore, *Evidence* § 2072, at 524–25 (Chadbourn rev.1978) (emphasis omitted). The *corpus delicti* includes only the first two of these three. *Commonwealth v. Ware*, 459 Pa. 334, 365, 329 A.2d 258, 274 (1974); *Commonwealth v. Herman*, 288 Pa.Super. 219, 230, 431 A.2d 1016, 1022 (1981).

■■■ Under our Crimes Code, "[a] person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter." 18 PA.C.S.A. § 3502(a); *Commonwealth v. Stasiak*, 305 Pa.Super. 257, 264, 451 A.2d 520, 523 (1982). Therefore, on a charge of burglary, before the defendant's confession may be admitted into evidence, the Commonwealth must establish, first, that "a building or occupied structure, or separately secured or occupied portion thereof," not "open to the public" was entered—Wigmore's "specific kind of injury or loss"—and second, that the entry was "with intent to commit a crime therein" and was not "licensed or privileged"—Wigmore's "somebody's criminality ... as the source of the loss." *See* Wigmore, *supra*, at 524–25. This may be done by circumstantial evidence. *Commonwealth v. Gonzales*, 297 Pa.Super. 66, 73, 443 A.2d 301, 304–05 (1982). Thus, evidence of forced entry, flight, or possession of tools or unauthorized entry, may be sufficient in certain circumstances to establish that a burglary has occurred. *See, e.g., Commonwealth v. Wiltrout*, 311 Pa.Super. 115, 457 A.2d 520 (1983) (evidence of prying open plywood panels); *Commonwealth v. Tingle*, 275 Pa.Super. 489, 495, 419 A.2d 6, 9 (1980) (evidence of forced entry and possession of burglary tools); *Commonwealth v. Nutter*, 256 Pa.Super. 111, 117, 389 A.2d 626, 628–29 (1978) (evi-

dence of forced entry, ransacked premises and presence within burglarized premises in possession of "large sturdy screwdriver.") While the Crimes Code definition of burglary has abandoned the common law requirement of "a breaking," nevertheless the cases in which circumstantial evidence establishes a burglary require that there be some evidence of surreptitious entry to establish the element of entry with felonious intent. *See Commonwealth v. Crowson*, 267 Pa.Super. 46, 48, 405 A.2d 1295, 1296 (1979) (no burglary where "no evidence that [the defendant] entered the ... residence surreptitiously or by force" and in fact "no evidence at all regarding the manner of entry by appellant.") *See also In Re Wood*, 277 Pa.Super. 606, 419 A.2d 1316 (1980) (no burglary where defendant resided in house from which car keys were stolen because no unprivileged entry); *Commonwealth v. Tilman*, 273 Pa.Super. 416, 417 A.2d 717 (1980) (no burglary where, *inter alia*, automobile dealership might have been "open to the public" when defendant entered.)

–a–

█ In the present case, to establish by independent evidence that a burglary occurred, the Commonwealth did not have to show that appellant entered room 217 with felonious intent, but merely that someone did so. When we look at the evidence in the light most favorable to the Commonwealth as verdict winner, however, we cannot find that it met this burden.

The evidence has been summarized above. Briefly restated, it was as follows. For twenty minutes, from 1:00 a.m. to 1:20 a.m., Lisa Haley and Judy Kennedy were authorized to enter room 217, although not for the purpose of removing a television set. Following the return of the room key, no one other than hotel staff was authorized to enter, but the Commonwealth presented no evidence that anyone did so. Some time later, Gates, the night clerk heard a "rumbling" on the upstairs landing and when, after calling police, he went to investigate, he saw appellant, but

no television set. Upon seeing Gates, appellant turned and walked away from him. Some time later in the morning, Gates discovered that the television set was missing from room 217. Thus, the independent evidence the Commonwealth presented from which we might infer that appellant committed a burglary was that appellant was present on the landing at some time after the women returned the key to room 217, and that when Officer Baker searched appellant's room the next day, he found there the television set stolen from room 217.

The evidence of appellant's mere presence near the scene of a crime could not, without more, establish the element of entry with felonious intent. *See Commonwealth v. Roscioli*, 454 Pa. 59, 309 A.2d 396 (1973) (evidence of burglary insufficient to submit to jury where it established that defendant was nearby in a telephone booth while burglary in progress and where glass from window in burglarized building found near booth); *Commonwealth v. Manson*, 230 Pa.Super. 527, 531, 327 A.2d 182, 184 (1974) (evidence that defendant stood near side of building from which boards had been removed from window and household goods inside building were piled near window insufficient because "Commonwealth's evidence consisted of nothing more than [the defendant's] presence near the point of entry to the burglarized premises.") *See also Commonwealth v. Keller*, 249 Pa.Super. 384, 388, 378 A.2d 347, 349 (1977) (evidence establishing defendant's presence near vandalized vacuum cleaner in car wash insufficient to prove theft from the coin box because "mere presence of an individual at the scene of a crime is not a sufficient circumstance upon which guilt may be predicated"); *Commonwealth v. Garrett*, 423 Pa. 8, 222 A.2d 902 (1966) (Commonwealth's evidence that defendant was present at the scene both before and after robbery insufficient to establish that he had participated in robbery).

Aside from evidence of appellant's presence at the inn, the Commonwealth offered no evidence of the supporting circumstances from which one could infer appellant's

entry with felonious intent. Thus, it offered no evidence of forced entry, *see Commonwealth v. Wiltrout, supra;* or of possession of tools, *see Commonwealth v. Morgan,* 265 Pa.Super. 225, 401 A.2d 1182 (1979); or of flight, *see Commonwealth v. Addison,* 271 Pa.Super. 273, 413 A.2d 402 (1979). The only independent evidence offered against appellant was evidence that he possessed the stolen television set the next afternoon. While this did indeed establish that a theft occurred from room 217 [4], and appellant has not substantively challenged his conviction of theft [5], it did not, without more, establish that the theft was accomplished incident to a burglary. *See Commonwealth v. Crowson, supra* (although victim's television set and lamp were found in defendant's apartment the day after break-in, conviction for burglary vacated because no evidence regarding manner of entry from which felonious intent might be inferred).

–b–

 Despite the Commonwealth's failure to prove the *corpus delicti* of the burglary with which appellant was charged, the trial court did not err in admitting appellant's confession as evidence that a burglary had occurred and that appellant had committed it. Where a defendant's confession relates to two separate crimes with which he is charged, and where independent evidence establishes the *corpus delicti* of only one of those crimes, the confession may be admissible as evidence of the commission of the other crime. This will be the case only where the relationship between the two crimes is sufficiently close to ensure that the policies underlying the *corpus delicti* rule are not violated. Here, we have concluded, the relationship between the theft and the burglary was sufficiently close to permit the court, upon proof of the *corpus delicti* of the

**4.** *See* 18 Pa.C.S. § 3921(a):
*Movable property.*—A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.

**5.** He has challenged the conviction procedurally, however. *See infra.*

theft, to admit appellant's confession as evidence that appellant had committed not only the theft but also the burglary.

In *Commonwealth v. Stokes*, 225 Pa.Super. 411, 311 A.2d 714 (1973), we first discussed when a confession of one crime is admissible as evidence of another crime. In that case the defendant was charged with, among other crimes, playfully or wantonly pointing a firearm, 18 Pa.C.S. § 4716 (repealed), and attempting to discharge a "loaded arm[ ]" with intent to commit murder, 18 Pa.C.S. § 4711 (repealed). The evidence was:

> When two police officers entered an apartment at the request of the tenant, they observed appellant in the bedroom pointing a rifle at them. As the officers retreated from the apartment, one officer fired a shot. Venturing back in, the officer saw appellant "raising his rifle again." Appellant closed the bedroom door. The officers called for reinforcements, and when these arrived, appellant threw out his rifle and surrendered.

*Id.*, 225 Pa.Superior Ct. at 413, 311 A.2d at 715.

We held, on the basis of this evidence, that the Commonwealth had established the *corpus delicti* of the crime of pointing a firearm. It was therefore proper to admit appellant's confession of that crime. This confession, however, was the only evidence of the intent necessary to prove the commission of the crime of "attempting to discharge". We nevertheless held the confession admissible to establish that crime as well. We reasoned that the two crimes were closely related in that they "arose from a single transaction" and had an element "in common." *Id.*, 225 Pa.Superior Ct. at 414–15, 311 A.2d at 715. Because of this relationship, the policies underlying the *corpus delicti* rule were not violated: the Commonwealth *had* proved by independent evidence that a crime had in fact occurred. *See Commonwealth v. Turza, supra.* We cautioned, however, that "[p]erhaps if the two crimes were distinct, in time or nature or both, the case would be different." *Id.*, 225 Pa.Superior Ct. at 415, 311 A.2d at 715.

We relied on *Stokes* in *Commonwealth v. Steward*, 263 Pa.Super. 191, 397 A.2d 812 (1979). There the defendant was charged with the crimes of aggravated assault [6] and attempted robbery. [7] The victim, a police officer, was seated on a park bench on stakeout duty. The defendant walked past him and then doubled back. When the officer made a sudden move, the defendant shot him. This evidence established the *corpus delicti* of aggravated assault and enabled the Commonwealth to introduce appellant's confession into evidence. The confession provided the only evidence that when appellant had doubled back, he had done so with the intention of robbing the officer. The confession alone, therefore, proved the commission of the inchoate crime of attempted robbery. We held that under *Stokes* the confession was admissible for this purpose, reasoning that the two crimes "arose out of the same criminal episode" and that the injury suffered by the officer was a common element linking the two crimes. *Id.*, 263 Pa.Superior Ct. at 198, 397 A.2d at 815. *See also Commonwealth v. Tucker*, 461 Pa. 191, 201, 335 A.2d 704, 709 (1975). Finally, in *Commonwealth v. Rieland*, 324 Pa.Super. 115, 471 A.2d

6. Aggravated Assault, 18 Pa.C.S. § 2702, is defined, in relevant part, as:

> **§ 2702. Aggravated assault**
> **(a) Offense defined.**—A person is guilty of aggravated assault if he:
>
> . . . . .
>
> (4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon; . . .

7. Criminal attempt, 18 Pa.C.S. § 901, is defined as:

> **§ 901. Criminal attempt**
> **(a) Definition of attempt.**—A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime.

Robbery, 18 Pa.C.S. § 3701 is in turn defined in relevant part as:

> **§ 3701. Robbery**
> **(a) Offense defined.**—
>
> (1) A person is guilty of robbery, if, in the course of committing a theft, he:
> (i) inflicts serious bodily injury upon another;
>
> . . . . .
>
> (2) An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft or in flight after the attempt or commission.

490 (1984), the defendant was charged with, among other crimes, burglary [8] and criminal conspiracy.[9] We concluded that evidence independent of the defendant's confession established that a burglary had occurred. On this basis, the confession was admissible. Again relying on *Stokes,* we held that the confession was also admissible to prove the commission of the inchoate crime of criminal conspiracy, despite the lack of any "common element," because "[t]he crimes of burglary and conspiracy arose from a common transaction. ..." *Id.,* 324 Pa.Superior Ct. at 122, 471 A.2d at 493.

Here, appellant's confession related to the two substantive crimes with which he was charged, burglary and theft. The Commonwealth offered independent evidence of the *corpus delicti* of theft, thereby rendering appellant's confession admissible. While, as we have discussed above, there was no independent evidence establishing the occurrence of a burglary, nevertheless, on the facts of this case the burglary and theft were sufficiently related to render the confession admissible to prove that a burglary had occurred and that appellant had committed it.

In reaching this conclusion, we recognize that here, as was not the case in *Commonwealth v. Stokes, supra, Commonwealth v. Steward, supra,* or *Commonwealth v. Rieland, supra,* both crimes with which appellant was charged were substantive crimes; the Commonwealth did not prove the *corpus delicti* of a substantive crime and then use the confession to prove the commission of an inchoate

---

**8.** *See, supra.*

**9.** Criminal Conspiracy, 18 Pa.C.S. § 903, is defined as:

**§ 903. Criminal conspiracy**

**(a) Definition of conspiracy.**—A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

crime. This distinction, however, is not significant. As in *Commonwealth v. Steward, supra,* the facts that established the injury—the theft of the television set—were the same for both crimes. Appellant's "unlawful taking" of the television set was the theft, and the theft was the predicate of the burglary. Stated otherwise, the burglary was the means by which the theft was committed. Indeed, because of their close relationship, the theft and burglary merged for sentencing purposes. *See infra.* Finally, as in *Commonwealth v. Rieland, supra,* the two crimes were linked temporally, for they "arose from a common transaction, albeit not exactly a singular transaction...." *Id.,* 324 Pa.Superior Ct. at 122, 471 A.2d at 493.[10]

–2–

Appellant also argues that since he was charged in the same information (# 1456) with burglary, theft, and receiving stolen property, he could not be "adjudged guilty" of all three charges, and that therefore his sentence for theft and receiving must be vacated. (Brief for Appellant at 9–10)

**10.** The Commonwealth also relies on *Commonwealth v. Daniels,* 281 Pa.Super. 334, 422 A.2d 196 (1980). In that case, the defendant was charged with one crime, possession of heroin with intent to deliver, 35 P.S. § 780–113(a)(30). The panel held that the Commonwealth had established the *corpus delicti* of this crime by presenting sufficient evidence in the form of thirty-three packets of uniformly packaged heroin found in the same room as the defendant. In *dictum,* the panel cited *Commonwealth v. Stokes, supra,* to support the proposition that even had the Commonwealth's evidence established only the lesser included offense of possession, that would have been sufficient to establish the *corpus delicti* of the greater crime of possession with intent to deliver. We need not, and do not, decide whether *Stokes* should be read so broadly.

We also note that *Commonwealth v. Weeden,* 457 Pa. 436, 322 A.2d 343 (1974), *cert. denied,* 420 U.S. 937, 95 S.Ct. 1147, 43 L.Ed.2d 414 (1975), and *Commonwealth v. Leamer,* 449 Pa. 76, 295 A.2d 272 (1972), are inapposite to our decision. These cases hold that on a charge of felony murder, proof of the *corpus delicti* does not require proof both of a homicide and of the underlying felony, but that "the corpus delicti of a felony murder is established in the same way that the corpus delicti for any homicide case is established. It is not necessary to prove, independent of the confession, that the death occurred during a felony." *Commonwealth v. Weeden, supra,* 457 Pa. at 444, 322 A.2d at 348, *citing Commonwealth v. Leamer, supra.*

In support of this argument, appellant relies on 18 Pa.C. S.A. § 3502(d), which provides:

Multiple convictions—A person may not be convicted both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree.

As to the burglary and theft charges, appellant's argument is without merit. The "convict[ion]" referred to in § 3502(d) refers not to the verdict but to the judgment of sentence. Thus, while a defendant may be charged with and adjudged guilty of both burglary and theft, he may not be sentenced for both crimes. *See Commonwealth v. Jefferson*, 307 Pa.Super. 18, 452 A.2d 881 (1982); *Commonwealth v. Hardick*, 268 Pa.Super. 103, 407 A.2d 458 (1978) (HOFFMAN, J., concurring); *Commonwealth v. Black*, 267 Pa.Super. 598, 407 A.2d 403 (1979). Here, appellant's sentence of two to five years was imposed for burglary alone; no sentence was imposed for theft.[11]

As to the sentence for receiving stolen property:[12] since the statutory definitions of the crimes of theft and receiving render it logically impossible that one person be both the thief and receiver of the same item,[13] we have held that the same person may not be sentenced for theft and receipt of the same property. *See Commonwealth v. Simmons*, 233 Pa.Super. 547, 336 A.2d 624, 631 (1975)

---

**11.** *See* the Court Commitment Continuation Sheet, by which the court informs prison officials of the sentence it has imposed: there, appellant's sentence is recorded as two to five years for the offense of burglary, and the statutory reference is to § 3502 [burglary], not § 3921 [theft].

**12.** We refer to the first count of receiving in Information No. 1456; the second count of receiving relates to another incident. *See* note 2, *supra*.

**13.** *See* note 4 *supra* for the statutory definition of theft. *Compare* 18 Pa.C.S.A. § 3925(a): "Receiving stolen property":

**Offense defined.**—A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

("[b]ecause these crimes are by their definition inconsistent, ... a judgment of sentence can only be imposed for one or the other....") Appellant could not therefore be sentenced for receiving the same television set that he was convicted of stealing. However, since he has not been sentenced for stealing the television set, 18 Pa.C.S. § 3502(d) is inapplicable.

Nevertheless, I should vacate the judgment of sentence for receiving stolen property. The sentence imposed was a "suspended sentence." However, the Sentencing Code provides for no such sentence. *See* 42 Pa.C.S. § 9721(a); *Commonwealth v. Ferrier*, 326 Pa.Super. 331, 473 A.2d 1375, 1378 (1984) (indefinitely suspended sentence not a sanctioned sentencing alternative); *Commonwealth v. Maguire*, 307 Pa.Super. 80, 84 n. 7, 452 A.2d 1047, 1049 n. 7 (1982) ("Sentencing Code contains no provision for a 'suspended' sentence.") The sentence was therefore an illegal sentence—a fact that we may notice *sua sponte*.[14] *See Com-*

---

**14.** 42 Pa.C.S. § 9721(a) provides:

> (a) General rule.—In determining the sentence to be imposed the court shall, *except where a mandatory minimum sentence is otherwise provided by law*, consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:
> (1) An order of probation.
> (2) A determination of guilt without further penalty.
> (3) Partial confinement.
> (4) Total confinement.
> (5) A fine.

This section is couched in mandatory language and therefore provides the exclusive sentencing alternatives available to a sentencing court. *See Commonwealth v. Pierce*, 497 Pa. 437, 440, 441 A.2d 1218, 1219 (1982) ("The unambiguous 4 language of [§ 9721(a)] empowers a sentencing court to fashion a sentence which includes one or more of five alternative punishments, and permits these punishments to be imposed consecutively or concurrently." Note 4 reads: "1 Pa.C.S. § 1921(b) ... states: "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.") A "suspended sentence" is not among the five sentencing alternatives provided; *it is therefore illegal*, and I should not sanction its continued use. *See Commonwealth v. Button*, 332 Pa.Super. 239, 481 A.2d 342 (1982) (SPAETH, P.J., concurring). Moreover, a trial court that imposes a "suspended sentence" may mean to impose one of two entirely different penalties. The court may mean to impose "indefinite probation," which, because it is not a

*monwealth v. Brown*, 290 Pa.Super. 448, 453, 434 A.2d 838, 840 (1981); *Commonwealth v. Schilling*, 288 Pa.Super. 359, 370 n. 15, 431 A.2d 1088, 1093 n. 15 (1981); *Commonwealth v. Jellots*, 262 Pa.Super. 17, 19, 396 A.2d 461, 462–63 (1978); *Commonwealth v. Betoni*, 254 Pa.Super. 26, 28, 385 A.2d 506, 507 (1978).

The same observation may be made of the judgment of sentence imposed for criminal trespass. This, too, was a "suspended sentence", and I should find it illegal and therefore vacate it. I should not, however, remand for resentencing on this conviction. *See Commonwealth v. Goldhammer*, 507 Pa. 236, 489 A.2d 1307, 1313–16 (1985).

–3–

 Appellant finally argues that his trial counsel was ineffective in failing to file a motion to suppress his confession on the ground that it was made involuntarily because he was under the influence of drugs at the time he made it. A claim of ineffectiveness must be raised by new counsel at the first opportunity. *See Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975); *Commonwealth v. Casner*, 315 Pa.Super. 12, 16, 461 A.2d 324, 326 (1983). Here, appellate counsel is not the same as trial counsel, and this appeal is her first opportunity to raise the ineffectiveness claim. The claim is therefore properly before us.

 In evaluating claims of ineffective assistance of counsel, we are first to decide whether the claim is of arguable merit. *See Commonwealth v. Hubbard*, 472 Pa. 259, 278, 372 A.2d 687, 696 (1977). If the claim is of

sanctioned alternative, must be vacated. *See Commonwealth v. Ferrier*, 326 Pa.Super. 331, 473 A.2d 1375 (1984). Or the court may mean to impose "guilt without further penalty," which *is* a sanctioned penalty. We should not be required to remand to the trial court to determine what sentence was intended. *See Commonwealth v. Brown*, 290 Pa.Super. 448, 434 A.2d 838 (1981). The suggestion by TAMILIA, J. that because of its inherent ambiguity a "suspended sentence" provides the trial court with greater sentencing flexibility than 42 Pa.C.S. § 9721(a) provides, and that such a sentence may well have a "heavier psychological ... impact" upon defendants, should, in my view, be addressed to the legislature, which has decided that there should be no such sentence.

arguable merit, we are then to decide whether counsel's actions had any reasonable basis. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604–05, 235 A.2d 349, 352 (1967). Here, appellant's claim is without arguable merit. No evidence suggests either that he engaged in habitual or occasional drug abuse or that he was under the influence of drugs at the time of his arrest. Moreover, in the guilty plea and jury waiver colloquy, trial counsel specifically noted that on the basis of her review of all the evidence, she believed that a motion to suppress appellant's confession "would not be legally successful" and would be construed by the court as "frivolous," and appellant indicated that he understood her decision, and by implication he acquiesced in it. (N.T. at 15).

The judgment of sentence for burglary is affirmed.

BECK, J., files a concurring opinion.

TAMILIA, J., files a concurring opinion.

BECK, Judge, concurring:

I join Judge Spaeth's opinion with the exception of that portion relating to suspended sentences. Use of suspended sentences in this Commonwealth has been subject to varying interpretations. In my view it would be best to have the issue squarely before the court and briefed before determining whether to abandon its use, as Judge Spaeth would have us do, or to retain its use, as Judge Tamilia would have us do. I therefore would refrain from deciding the issue since it was not raised by the parties.

TAMILIA, Judge, concurring:

I concur in the result, however, I take exception with that portion of Judge Spaeth's Opinion at page 19 et seq. in its discussion regarding suspended sentences.

Judge Spaeth relies on footnote 7 in *Commonwealth v. Maguire,* 307 Pa.Super. 80, 452 A.2d 1047 (1982) which ultimately suggests there is no provision for suspended sentences in the Sentencing Code, 42 Pa.C.S.A. § 9721, and

better practice would avoid its use. This falls short of declaring it an illegal sentence. Likewise, Judge Spaeth cites *Commonwealth v. Ferrier*, 326 Pa.Super. 331, 473 A.2d 1375, 1378 (1984) as not sanctioning suspended sentences as a sentencing alternative, when in fact *Ferrier* can fairly be interpreted to mean an indefinitely suspended sentence as not being equated with probation, thereby not being subject to subsequent revocation. *Commonwealth v. Brown*, 290 Pa.Super. 448, 453, 434 A.2d 838, 840 (1981) permitted the Superior Court to sua sponte question the legality of a sentence, remand to have it determine whether it intended not to sentence or to enter a "sentence of no further penalty." *Brown* also considered, after Commonwealth argument, that suspended sentences may have some role to play in sentencing in Pennsylvania. In one recent case, *Commonwealth v. Button*, 332 Pa.Super. 239, 481 A.2d 342 (1984) (Spaeth, P.J. concurring), just such a role was illustrated and suggested by the trial judge. The suspension of sentence, on lesser charges to the life sentence imposed, was treated by the trial court as a procedural stay, pending resolution of the appeal on the major charges. It permits the trial court to retain jurisdiction to impose sentence on some counts in the event the more serious charge is dismissed on appeal, thus assuring the defendant will not emerge unpenalized. The suspended sentence, of course, would not be a final appealable order. I believe, although it is something of an additional burden, we must recognize suspended sentences, when realistically applicable in unusual situations, where lack of flexibility in the Sentencing Code requires it.

The use of the term suspended sentence, following conviction and sentence to prison (suspending confinement), is a common expression of probation and has so been construed and as such is an appealable judgment, and entitles a defendant to all due process rights, *Commonwealth v. Harrison*, 264 Pa.Super. 62, 398 A.2d 1057 (1979). The area which creates some confusion is suspended sentence upon conviction, without more, which most generally can be

construed to mean the alternative provided in the sentencing code, 42 Pa.C.S.A. § 9721(a)(2) a determination of guilt without further penalty, it too being a final sentence. It is frequently used by the trial court to emphasize that the defendant has been found guilty, and to make certain that he realizes that for whatever reasons deemed pertinent by the court, and despite the power to enter a custodial sentence, the court imposed no further restrictions. I believe, coming from the trial judge, the statement "I find you guilty as charged and hereby suspend sentence" carries a much heavier psychological and, therefore, deterrent impact than "I find you guilty and discharge you without further penalty"—which to the public (and defendant) implies a pat on the wrist.

The legislature has recognized the utility of the suspended sentence in Offenses Against the Family, Chapter 43 of the Crimes Code.

18 Pa.C.S.A. § 4321, Willful separation or nonsupport provides:

(a) Offense defined.—A person is guilty of a misdemeanor of the third degree ...

(c) Effect of conviction and sentence on support orders.—

(2) In any such case, *the court may suspend sentence upon and during compliance by the defendant with any order for support as already made or as thereafter modified.* If no such order shall have been made, then the court trying the defendant may make such order for the support by the defendant of his wife and children or either of them, which order shall be subject to modification by the court on cause shown, *and may suspend sentence upon and during the compliance by defendant with such order upon entry of bond by defendant with surety approved by the court, conditioned on compliance with such order.* (emphasis added)

I do not believe the judgments of sentence for receiving stolen property and criminal trespass ought to be vacated. It would appear that the suspended sentence on that lesser charge (receiving stolen property) was imposed out of con-

sideration of the sentence on the major charge (burglary). We may not presume that the trial judge intended *no* sentence under these circumstances, should the sentence as to burglary or theft be overturned on appeal. In *Commonwealth v. Goldhammer*, 507 Pa. 306, 489 A.2d 1307 (1985), while the Supreme Court held it would constitute double jeopardy to remand for sentencing on a suspended sentence, when other charges on which sentences had been imposed had been vacated in prior appeals (such not being the case here, *see Button, supra*), it did not hold suspended sentences to be invalid per se. This illustrates the need to retain the concept of suspended sentence in those cases of merger or when a sentence would be considered excessive if imposed. Otherwise, to protect against a possible washout of all charges on appeal, it would be necessary for the trial court to sentence on all counts and charges with the attendant irrationality that would create. Admittedly, retaining the usage and practice of utilization of suspended sentence will create some difficulties, but to declare them illegal will produce more. This is a question which requires consideration by the Pennsylvania Criminal Rules Committee and the Sentencing Commission and one which should not be decided by judicial decision.