398 A.2d 1057

**COMMONWEALTH of Pennsylvania**

v.

**Milton HARRISON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 29, 1978.

Decided March 2, 1979.

George B. Ditter, Assistant Public Defender, Norristown, for appellant.

Eric J. Cox, Assistant District Attorney, Chief, Appeals Division, Norristown, for Commonwealth, appellee.

Before JACOBS, P. J., and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

CERCONE, Judge:

On February 6, 1976 appellant Milton Harrison pleaded guilty to several counts of burglary, and was sentenced to one and one-half to three years' imprisonment. However, the lower court then ordered that the sentence would be suspended if appellant was accepted into an approved drug treatment program, make bona fide efforts in the educational, vocational and/or employment programs offered by the drug treatment center, and lastly, that appellant report regularly to his probation officer should there be any time remaining on his sentence after completing the drug program. The lower court then stated in its order that "if any of these conditions are not met by the defendant . . . he shall undergo imprisonment for a term as hereinbefore imposed."

Appellant was admitted into an approved drug treatment program and received treatment until January 31, 1977 when he was terminated for disciplinary reasons. The court was notified of appellant's termination from the drug treatment program on March 24, 1977 and on April 12, 1977 the court ordered appellant to serve "the original sentence imposed on February 6, 1976 of not less than one and one half nor more than three years to date from January 31, 1977 . . ." This appeal followed.

Appellant maintains that at the time of sentencing when his original prison sentence was suspended, he was in effect sentenced to probation, conditioned upon the successful completion of the drug treatment program. He submits that this probation was thereafter unlawfully revoked without a hearing or without other due process safeguards. We agree, and therefore vacate the lower court's order and remand.

■ The sentencing code,[1] at § 1321, authorizes five possible sentencing alternatives: "(1) an order of probation; (2) a determination of guilt without further penalty; (3) partial confinement; (4) total confinement; (5) a fine." 18 Pa.C. S.A. § 1321. Although the lower court order does not specifically state that appellant was being placed on probation, a review of the § 1321 alternatives leads this court to the conclusion that probation was in fact ordered. Section 1354 of the sentencing code provides in subsection (c)(12) that the court may require as a condition of probation that the defendant participate in a drug or alcohol treatment program. See, e. g., *Commonwealth v. Quinlan*, 251 Pa.Super. 428, 380 A.2d 854 (1977). (Order of probation conditioned on abstention from alcohol.) Moreover, in the instant case, the February 6, 1976 sentencing order contains the additional condition that defendant report to a probation officer for the remainder, if any, of his "parole period." Thus, we hold that in its original sentencing order, the lower court in effect placed appellant on probation.

■ It is established law in this Commonwealth that before a defendant's probation may be revoked, he is entitled to certain due process safeguards. This court in *Commonwealth v. Davis*, 234 Pa.Super. 31, 336 A.2d 616 (1975), adopted the standards set forth by the United States Supreme Court in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Specifically, a two-step revocation procedure must be followed. "A parolee is entitled to two hearings, one a preliminary hearing at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole, and the other a somewhat more comprehensive hearing prior to the making of a final revocation decision." *Gagnon v. Scarpelli, supra* at 781–82, 93 S.Ct. at 1759. Through the vehicle of these hearings, additional due process safeguards are provided the defendant including notice of the asserted violations, an opportunity to be heard and to

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1301, added 1974, December 30, P.L. 1052, No. 345, § 1, Sections 1301 et seq.

confront witnesses, a neutral and detached hearing body, and a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. *Commonwealth v. Davis, supra*, 234 Pa.Super. at p. 40, 336 A.2d 616.

In the instant case, appellant violated the order of probation by causing his termination from a drug treatment program. It appears from the record that his termination was based on an arrest, occurring January 31, 1977 on charges of forgery, receiving stolen goods and conspiracy. A preliminary hearing was held on February 10, 1977 on these charges and appellant was bound over to court. We find that the preliminary hearing held after appellant's arrest constitutes a sufficient *"Gagnon I"* hearing. See *Commonwealth v. Davis, supra*, 234 Pa.Super. at p. 43, 336 A.2d 616. However, the second step of the revocation procedure, *"Gagnon II"* hearing prior to the making of a final revocation decision must be based on evidence of "probative value." *Commonwealth v. Kates*, 452 Pa. 102, 305 A.2d 701 (1973). The lower court erred in not providing a *Gagnon II* hearing. The failure to hold such a hearing resulted in a violation of appellant's right to due process. We therefore vacate and remand so that a hearing may be held to determine whether or not appellant's probation should be revoked and if so to determine the sentence, if any, to be imposed.[2]

Judgment of sentence vacated and the case remanded for a hearing in accordance with this opinion.

HESTER, J., files a dissenting statement.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

HESTER, Judge, dissenting:

I respectfully dissent. In the interest of judicial economy, I would affirm the action and the imposition of sentence of the court below.

2. It is well-settled that any sentence imposed as a result of this remand may not exceed the three-year maximum imposed in the original sentence. *Commonwealth v. Tomlin*, 232 Pa.Super. 147, 336 A.2d 407 (1975); *Commonwealth v. Cole*, 222 Pa.Super. 229, 294 A.2d 824 (1972).