473 A.2d 1375

**COMMONWEALTH of Pennsylvania**

v.

**Byron Bruce FERRIER, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 1, 1983.

Filed March 9, 1984.

Robert W. Lambert, Indiana, for appellant.

Gregory Allen Olson, District Attorney, Indiana, for Commonwealth, appellee.

Before ROWLEY, WIEAND and HESTER, JJ.

WIEAND, Judge:

Where a sentence of imprisonment is suspended indefinitely and it is clear that the sentencing court did not intend to place the defendant on probation, may the court subsequently "vacate" its earlier order, revoke the suspended sentence, and reimpose a sentence of imprisonment? We hold that it cannot. Therefore, we reverse the judgments of sentence which required appellant to serve terms of imprisonment.

On June 28, 1981, Bryon Bruce Ferrier entered pleas of guilty to forgery, a felony of the second degree, and to two felony counts of retail theft. He was sentenced on July 27, 1981 to pay fines totalling $300.00, together with the costs of prosecution, and to undergo imprisonment for consecutive terms of five to ten and three and one-half to seven years. The terms of imprisonment were suspended, however, and Ferrier was placed on probation for consecutive periods totalling fifteen and one-half years.[1]

On August 5, 1981, the trial court caused amended sentencing orders to be entered. These orders imposed the same sentences as had previously been imposed, but elimi-

1. The sentences imposed by the court were as follows:
   No. 208,

   ORDER OF COURT

   AND NOW, July 27, 1981, the defendant having entered a plea of guilty to the offense of forgery, graded a felony of the second degree, the plea having been entered June 29, 1981, it is the sentence of this Court that he shall pay the cost of prosecution in the amount of sixty-eight dollars and fifty cents [$68.50]; that he shall pay a fine to the Commonwealth of Pennsylvania for use of Indiana County in the amount of one hundred dollars [$100]; and that he shall undergo imprisonment in Western Correctional Institution at Pittsburgh, Pennsylvania, for a period of not less than five years nor more than ten years. This sentence is suspended and he is placed on probation for the minimum sentence on condition that he comply with an agree-

nated any reference to probation. The sentences of imprisonment were suspended upon the sole conditions that Ferrier "comply with an agreement to maintain his employment and to obey all the laws of the Commonwealth of Pennsylvania." [2]

ment to maintain his employment and to obey all the laws of the Commonwealth of Pennsylvania.

BY THE COURT,

/s/ Robert C. Earley

Judge.

No. 133,

ORDER OF COURT

AND NOW, July 27, 1981, the defendant having entered a plea of guilty to the offense of retail theft, rated a felony of the third degree, the plea having been entered June 29, 1981, it is the sentence of this Court that he shall pay the cost of prosecution in the amount of sixty-eight dollars [$68]; that he shall pay a fine to the Commonwealth of Pennsylvania for use of Indiana County in the amount of one hundred dollars [$100]; and that he shall undergo imprisonment in the Western Correctional Institution at Pittsburgh, Pennsylvania, for a period of not less than three and one half years nor more than seven years. This sentence to run consecutive to and to begin at the expiration of the sentence at No. 208 Criminal Sessions 1981. This sentence is suspended and he is placed on probation for the minimum sentence to run consecutive to the probation imposed at No. 208 Criminal Sessions 1981 on condition that he maintain his employment and obey all the laws of the Commonwealth of Pennsylvania.

BY THE COURT,

/s/ Robert C. Earley

Judge.

No. 134,

ORDER OF COURT

AND NOW, July 27, 1981, the defendant having entered a plea of guilty to the offense of retail theft, the plea having been entered June 29, 1981, it is the sentence of this Court that he shall pay the cost of prosecution in the amount of sixty-eight dollars [$68]; that he shall pay a fine to the Commonwealth of Pennsylvania for use of Indiana County in the amount of one hundred dollars [$100]; and that he is placed on probation under the supervision of the Pennsylvania State Probation Department for a period of seven years. This sentence is to run consecutive to and to begin at the expiration of the sentences imposed at No. 208 and No. 133 Criminal Sessions 1981.

BY THE COURT,

/s/ Robert C. Earley

Judge.

2. The amended sentencing orders were as follows:

| COMMONWEALTH | : | IN THE COURT OF COMMON PLEAS |
| | | INDIANA COUNTY, PENNSYLVANIA |
| vs. | : | |
| | : | No. 208 Crim. 1981 |
| BYRON BRUCE FERRIER | : | |

## AMENDED ORDER OF COURT

AND NOW, August 3, 1981, the defendant having entered a plea of guilty to the offense of forgery, graded a felony of the second degree, the plea having been entered June 29, 1981, it is the sentence of this Court that he shall pay the cost of prosecution in the amount of sixty-eight dollars and fifty cents [$68.50]; that he shall pay a fine to the Commonwealth of Pennsylvania for use of Indiana County in the amount of one hundred dollars [$100]; and that he shall undergo imprisonment in Western Correctional Institution at Pittsburgh, Pennsylvania, for a period of not less than five years nor more than ten years. This sentence is suspended on condition that he comply with an agreement to maintain his employment and to obey all the laws of the Commonwealth of Pennsylvania.

BY THE COURT,
/s/ Robert C. Earley
Judge.

| | | |
|---|---|---|
| COMMONWEALTH | : | IN THE COURT OF COMMON PLEAS |
| vs. | : | INDIANA COUNTY, PENNSYLVANIA |
| | | No. 133 Crim. 1981 |
| BYRON BRUCE FERRIER | : | |

## AMENDED ORDER OF COURT

AND NOW, August 3, 1981, the defendant having entered a plea of guilty to the offense of retail theft, rated a felony of the third degree, the plea having been entered June 29, 1981, it is the sentence of this Court that he shall pay the cost of prosecution in the amount of sixty-eight dollars [$68]; that he shall pay a fine to the Commonwealth of Pennsylvania for use of Indiana County in the amount of one hundred dollars [$100]; and that he shall undergo imprisonment in the Western Correctional Institution at Pittsburgh, Pennsylvania, for a period of not less than three and one half years nor more than seven years. This sentence to run consecutive to and to begin at the expiration of the sentence at No. 208 Criminal Sessions 1981. This sentence is suspended on condition that he maintain his employment and obey all the laws of the Commonwealth of Pennsylvania.

BY THE COURT,
/s/ Robert C. Earley
Judge.

| | | |
|---|---|---|
| COMMONWEALTH | : | IN THE COURT OF COMMON PLEAS |
| vs. | : | INDIANA COUNTY, PENNSYLVANIA |
| | | No. 134 Crim. 1981 |
| BYRON BRUCE FERRIER | : | |

## AMENDED ORDER OF COURT

AND NOW, August 3, 1981, the defendant having entered a plea of guilty to the offense of retail theft, the plea having been entered June 29, 1981, it is the sentence of this Court that he shall pay the cost of prosecution in the amount of sixty-eight dollars [$68]; that he shall pay a fine to the Commonwealth of Pennsylvania for use of Indiana

Ferrier was subsequently convicted of robbery in West-moreland County. After a hearing on April 8, 1983, the Court of Common Pleas of Indiana County revoked the suspended sentence which it had imposed on August 5, 1981 and ordered Ferrier to serve consecutive prison terms of five to ten and three and one-half to seven years.[3] No

County in the amount of one hundred dollars [$100]; and in view of the sentences imposed at No. 208 and No. 133 Criminal Sessions 1981 no further sentence is imposed.

BY THE COURT,
/s/   Robert C. Earley
Judge.

3. No. 208 Criminal Sessions 1981,

ORDER OF COURT

AND NOW, April 8, 1983, the Court Order dated August 3, 1981, is hereby vacated and it is ordered and directed that the defendant's suspended sentence is hereby revoked and the following sentence is imposed:

It is ordered and directed that the defendant shall pay the cost of prosecution in the amount of sixty-eight dollars and fifty cents [$68.50]; that he shall pay a fine to the Commonwealth of Pennsylvania for use of Indiana County in the amount of one hundred dollars [$100]; that he shall undergo imprisonment in the Western Correctional Institution at Pittsburgh, Pennsylvania for a period of not less than five years nor more than ten years. In furtherance of this sentence it is directed that he shall be taken to the Western Diagnostic and Classification Center located at the State Correctional Institution at Pittsburgh, Pennsylvania. Credit to be given for any time served on account of this offense. And he stands committed until this sentence is complied with.

BY THE COURT,
/s/   Robert C. Earley
President Judge.

No. 133 Criminal Sessions,

ORDER OF COURT

AND NOW, April 8, 1983, the Order of Court dated August [3], 1981, is hereby vacated, said Order having a suspended sentence at the above term and number and the following Order is hereby imposed:

It is ordered and directed that the defendant pay the cost of prosecution in the amount of sixty-eight dollars [$68]; that he pay a fine to the Commonwealth of Pennsylvania for use of Indiana County in the amount of one hundred dollars [$100]; and that he shall undergo imprisonment in the Western Correctional Institution of Pittsburgh, Pennsylvania, for a period of not less than three and one half years nor more than seven years. This sentence to run consecutive to and to begin at the expiration of the sentence imposed at No. 208 Criminal Sessions 1981. In furtherance of this Order he shall be taken Western Correctional Institution at Pittsburgh. Credit to be

reasons for the sentences were given. Ferrier's petition to modify these sentences was denied, and this direct appeal followed.

At the time when appellant was convicted of robbery in Westmoreland County, he was not on probation in Indiana County. By its orders suspending sentences on August 5, 1981, the Court in Indiana County had deliberately removed any reference to probation.[4]

The Sentencing Code, at 42 Pa.C.S. § 9721, directs a sentencing court to "select one or more of the following alternatives, [imposed either] consecutively or concurrently:

(1) An order of probation.

(2) A determination of guilt without further penalty.

(3) Partial confinement.

(4) Total confinement.

(5) A fine."

The sentencing court's amending order of August 5, 1981 imposed a fine, but it did not include any of the other sentencing alternatives. An indefinitely suspended sen-

given for any time served on account of this offense and he stands committed until this sentence is complied with.

BY THE COURT,

/s/ Robert C. Earley

President Judge.

No. 134 Criminal Sessions 1981,

ORDER OF COURT

AND NOW, April 8, 1983, the Court Order dated August 3, 1981, is hereby vacated by virtue of the fact the suspended sentence has been revoked and it is ordered and directed that the defendant shall pay the cost of prosecution in the amount of sixty-eight dollars [$68]; and that he shall pay a fine to the Commonwealth of Pennsylvania for use of Indiana County in the amount of one hundred dollars [$100]. In view of the sentence imposed at No. 208 and No. 133 Criminal Sessions 1981 no further sentence is imposed.

BY THE COURT,

/s/ Robert C. Earley

President Judge.

4. The record discloses no reason for the amended order, and the fact that the only change effected was to eliminate any reference to probation suggests that the sentencing court determined that probation was unnecessary. The sentencing judge has declined to prepare an opinion in which he might have suggested his reasons for eliminating probation.

tence of imprisonment was not one of the alternatives available to the court.

■ Indefinitely suspended sentences were condemned by the Supreme Court in *Commonwealth v. Duff,* 414 Pa. 471, 200 A.2d 773 (1964), where the Court said:

"Theories of implied probation and indefinite suspension of sentence are not only contrary to the clearly expressed intention of the legislature, but are also violative of true principles of probation and, as in this case, promote confusion where none should exist."

*Id.,* 414 Pa. at 474, 200 A.2d at 774. Although the *Duff* Court ascertained the intent of the legislature from earlier sentencing statutes, the same legislative intent is apparent from 42 Pa.C.S. § 9721(a). An indefinitely suspended sentence is not a sanctioned sentencing alternative. Moreover, it is as true now, as it was when *Duff* was decided, that an indefinitely suspended sentence violates "true principles of probation" and causes confusion where none should exist.

The Commonwealth argues that we should follow the reasoning employed by this Court in *Commonwealth v. Harrison,* 264 Pa.Super. 62, 398 A.2d 1057 (1979) and hold that a sentence of probation can be implied from the fact that the court imposed a sentence of imprisonment and then suspended it. This argument is not valid. It overlooks the fact that the only change effected by the amended sentencing orders of August 5, 1981 was to remove and eliminate those portions of the original sentences which had placed appellant on probation for a definite period. It is apparent, therefore, that the sentencing court did not intend to place appellant on probation. Where, as here, the sentencing court has deliberately rejected probation, a reviewing court cannot close its eyes to the sentencing court's intent and blindly place an interpretation on the sentencing order which the court has rejected.

It was the suspended sentences imposed by the Court on August 5, 1981 which the Court, on April 8, 1983, attempted to revoke in favor of sentences of imprisonment. It is this latter sentence which is presently subject to review and not

the order of August 5, 1981. Therefore, we cannot remand for clarification of the suspended sentence, as a panel of this Court did in *Commonwealth v. Brown,* 290 Pa.Super. 448, 434 A.2d 838 (1981), where it remanded to the trial court to clarify an order which had indefinitely suspended sentence. It is now too late for that course. We must decide whether the sentencing court's order revoking an indefinitely suspended sentence and imposing belatedly a sentence of imprisonment was a legal exercise of the court's sentencing powers.

■ On August 5, 1981, appellant had been sentenced to pay fines of $300, plus costs of prosecution. Although the sentencing court also included language requiring appellant to serve terms of imprisonment, that portion of the order was effectively nullified by the later portion of the order which suspended the term of imprisonment. Without including a term of probation in the sentence, the court's language suspending imprisonment effectively eliminated and nullified a sentence of imprisonment. Only the imposition of the fine remained as a valid sentence.

On April 8, 1983, there was no probation which the court could revoke. To attempt to revoke the earlier sentences, which had required the payment of fines, and impose new sentences, which included not only fines but terms of imprisonment as well, was to attempt to sentence twice for the same offense. This violated principles of double jeopardy and cannot be permitted to stand. See: *Commonwealth v. Colding,* 482 Pa. 112, 393 A.2d 404 (1978); *Commonwealth v. Silverman,* 442 Pa. 211, 275 A.2d 308 (1971), *cert. denied,* 405 U.S. 1064, 92 S.Ct. 1490, 31 L.Ed.2d 794 (1972); *Commonwealth v. Grady,* 309 Pa.Super. 187, 455 A.2d 112 (1982); *Commonwealth v. Coleman,* 271 Pa.Super. 581, 414 A.2d 635 (1979); *Commonwealth v. Tomlin,* 232 Pa.Super. 147, 336 A.2d 407 (1975).

The judgments of sentence entered on April 8, 1983 are reversed and set aside.