681 A.2d 219

**COMMONWEALTH of Pennsylvania,**

**v.**

**Patrick Charles DUFFY, Appellant.**

Superior Court of Pennsylvania.

Argued April 9, 1996.

Filed Aug. 2, 1996.

Peter V. Marcoline, Jr., Pittsburgh, for appellant.

Scott A. Bradley, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before DEL SOLE, POPOVICH and HOFFMAN, JJ.

DEL SOLE, Judge:

This is an appeal from an order which granted a Commonwealth motion to quash as untimely an appeal from a summary conviction. We reverse and remand this matter to the trial court.

On August 29, 1994, Appellant appeared before District Justice Boyle for a summary trial and was found guilty of public drunkenness and disorderly conduct. He was fined and ordered to serve ninety days incarceration, but the sentence was suspended and Appellant was directed to undergo court-ordered alcohol and drug counseling. The District Justice directed Appellant to appear before her on November 23, and December 16, 1994, for a review of the counseling. At the December 16th review the court determined that Appellant was "guilty of willful non-compliance of court-ordered counseling" and the ninety day sentence of incarceration was reimposed. On January 10, 1995, Appellant appealed to the Court of Common Pleas. The Commonwealth responded with a Motion to Quash. At the date scheduled for a hearing, the court entertained the Motion to Quash and argument was presented by counsel. The court thereafter granted the Commonwealth's motion and accepted its argument that the appeal was not timely filed since it was not filed within thirty days of August 29, 1994.

Appellant maintains that the court erred in quashing the appeal because the suspended sentence of August 29, 1994 was not a final judgment of sentence. He asserts that he properly filed a timely appeal from the court's December 16th imposition of a ninety day sentence. The Commonwealth maintains that Appellant's conviction and sentence were en-

tered by the district justice on August 29, 1994 and that this triggered the start of the thirty day appeal period.

■ While the court's authority to impose an indefinitely suspended sentence has long been questioned by the courts of this Commonwealth, *See Commonwealth v. Tessel,* 347 Pa.Super. 37, 55, 500 A.2d 144 (1985) (Concurring Opinion by Tamilia, J.); *Commonwealth v. Ferrier,* 326 Pa.Super. 331, 473 A.2d 1375 (1984), it is important to note that this case does not involve an indefinitely suspended sentence. The district justice in this matter imposed a sentence for a stated term of ninety days and then suspended that sentence with the proviso that Appellant successfully complete certain counseling programs. Only after the court determined that Appellant did not comply with counseling did the court direct Appellant to serve a ninety day prison term. The action taken by the district justice in this case is akin to the imposition of a period of probation. "The use of the term suspended sentence, following conviction and sentence to prison (suspending confinement), is a common expression of probation and has so been construed and as such is an appealable judgment, and entitles a defendant to all due process rights." *Commonwealth v. Tessel,* at 55, 500 A.2d at 153 (Concurring Opinion by Tamilia, J.) *supra,* (citing at *Commonwealth v. Harrison,* 264 Pa.Super. 62, 398 A.2d 1057 (1979)).

The *Harrison* case is instructive. Therein the appellant was sentenced to one and one-half to three years imprisonment for his burglary conviction. However, the court suspended the sentence on the condition that the appellant be accepted into an approved drug treatment program, that he make a bona fide effort in the programs offered by the drug treatment center and that he report regularly to a probation officer. The court directed that if any of the conditions were not met by the appellant he was to undergo imprisonment "for the term as herein before imposed." *Id.* at 64, 398 A.2d at 1058. The appellant was terminated from the drug treatment program for disciplinary reasons and the court directed him to serve the original sentence imposed. The appellant then appealed. On appeal he argued that his "probation" was

unlawfully revoked without a hearing and without other due process safeguards. This court found that "the lower court in effect placed appellant on probation" with its original sentencing order. *Id.* at 65, 398 A.2d at 1059. We then went on to hold that Appellant was entitled to certain due process safeguards which were not afforded to him prior to the revocation of the probation. The case was remanded to the trial court for a hearing in accordance with the Superior Court decision.

In this case, as in *Harrison,* a sentence for a set period of time was suspended by the court, conditioned upon certain requirements. When Appellant failed to satisfy these requirements the court, in effect, revoked probation and sentenced him to serve the period of incarceration. Therefore we find that there were two appealable orders in this case-the original August order, sentenced Appellant to a set term and then suspended that sentence and placed Appellant on "probation," and the December order revoked the "probation" and sentencing Appellant to serve a term of incarceration. Appellant did not take an appeal from the first order, but did timely appeal the second. Thus, the trial court erred in quashing Appellant's appeal from the December order.

While ordinarily on appeal of an order revoking probation, the only matter before the court would be the propriety of the revocation, in this case we cannot so limit the review. We are unable to ascertain from the state of the record when or whether Appellant was advised of his right to appeal. Pennsylvania Rule of Criminal Procedure, 83(e) provides:

At the time of sentencing, the issuing authority shall advise the defendant of the right to appeal and trial de novo, of the time within which to exercise that right, and that the defendant must appear for the de novo trial or the appeal must be dismissed.

Pa.R.Crim.P., Rule 83(e), 42 Pa.C.S.A.

In argument before the Court of Common Pleas, Appellant's counsel advised the court that Appellant was apprised of his appellate rights at the December 16th proceeding. N.T. 8–29–95 at 8. The Commonwealth, on the other hand, stated differently and recounted that Appellant was advised of his

right to appeal on August 29, 1994. Although the court was not presented with any transcript of the proceedings which occurred before the district justice, and despite the fact that no sworn witnesses testified as to what occurred during these proceedings, the court made a finding that Appellant was advised of his right to appeal back in August. There is no support for this finding from the record. In view of the fact that it is vital to advise a defendant of his appellate rights and that it is impossible to learn from the record whether Appellant was advised of his right to appeal the court's August determination, as well as the sentence imposed in December, we cannot find that Appellant has waived all claims related to the court's August ruling. Further, in an effort to save judicial resources we deem it wise on remand for the court to entertain any claims raised by Appellant which relate to the original finding of guilt and the imposition of the probationary sentence, as well as the court's decision to "revoke" that probation and impose a jail term.

Accordingly, we reverse the trial court's order quashing Appellant's appeal from his summary conviction. We remand this matter to the trial court for full consideration of Appellant's appeal.

POPOVICH, J., concurs in the result.