J-S40004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| SARAH MANGAN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN REZNICKCHECK, | |
| Appellant | No. 1225 WDA 2018 |

Appeal from the PCRA Order Entered March 15, 2018
In the Court of Common Pleas of Allegheny County
Family Court at No(s): FD 16-1448

BEFORE: BENDER, P.J.E., MCLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:               **FILED SEPTEMBER 26, 2019**

Appellant, John Reznickcheck, appeals from the post-conviction court's March 15, 2018 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant challenges the legality of the court's imposition of a suspended sentence of an aggregate term of six months' incarceration. After careful review, we affirm.

The PCRA court summarized the pertinent facts and procedural history of this case, as follows:

> The instant matter involves three indirect criminal contempt petitions that stemmed from three separate PFA violations committed by [Appellant] regarding the plaintiff, Sarah Mangan. [Appellant] admitted to conduct that violated the conditions of the PFA when on September 17, 2016, [Appellant] was seen at the plaintiff's workplace peering into a window[, and] stopping a random person and asking that person if he was the plaintiff's new

---

[*] Retired Senior Judge assigned to the Superior Court.

boyfriend. [Appellant] was also seen peering into the plaintiff's bedroom window. Additionally, in early August 2016, [Appellant] made repeated phone calls and sent text messages to the plaintiff.

[Appellant], through counsel, negotiated an agreement with the plaintiff's attorney (The Allegheny County District Attorney's Office) for three concurrent[,] six-month suspended sentences and a three-year extension of the underlying PFA. The underlying conditions of the PFA include, most importantly, no contact, directly or indirectly, with the [p]laintiff, amongst a host of other supervisory conditions.

PCRA Court Opinion (PCO), 1/17/19, at 2 (unnumbered; citations to the record omitted).

On November 18, 2016, Appellant entered his guilty plea to indirect criminal contempt and the court imposed his suspended, aggregate sentence of six months' incarceration. The court also ordered the final PFA order to extend until November 18, 2019. Appellant did not file a direct appeal.

Instead, he filed a timely PCRA petition. Counsel was appointed and filed an amended petition on Appellant's behalf.[1] On January 19, 2018, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's

---

[1] In his petition, Appellant challenged the legality of the suspended sentence of incarceration imposed by the court. *See Commonwealth v. Joseph*, 848 A.2d 934, 941 (Pa. Super. 2004) (characterizing a challenge to the imposition of a suspended sentence as a legality of sentencing issue where there is no statutory authority for such a sentence); 23 Pa.C.S. § 6114(b) (setting forth the sentencing options for contempt offenses, which do not include suspended sentences). Legality of sentencing claims are cognizable under the PCRA. *See* 42 Pa.C.S. § 9543(a)(2)(vii); *see also Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). We also conclude, for the reasons set forth by the PCRA court in its opinion that we adopt *infra*, that the suspended sentence imposed upon Appellant is akin to a term of probation, which Appellant is currently serving. Thus, Appellant satisfied the eligibility requirement of the PCRA set forth in 42 Pa.C.S. § 9543(a)(1)(i).

petition without a hearing. Appellant filed a timely response, but the court issued an order dismissing his petition on March 15, 2018.

Appellant did not file a timely appeal. However, on July 20, 2018, he filed a second PCRA petition seeking the right to appeal from the court's March 15, 2018 order *nunc pro tunc*.[2] On August 10, 2018, the PCRA court granted Appellant's petition. He filed a timely notice of appeal, and he also filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court filed its responsive opinion on January 17, 2019.

Herein, Appellant sets forth one issue for our review: "Whether the [PCRA] [c]ourt committed legal error when it dismissed … [A]ppellant's [PCRA] petition as … [his] six month suspended sentence was illegal?" Appellant's Brief at 3.

_____

[2] We recognize that Appellant's July 20, 2018 petition was untimely under 42 Pa.C.S. § 9545 (requiring that any petition be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves the applicability of a timeliness exception set forth in section 9545(b)(1)(i)-(iii)). However, in the July petition, Appellant contended that he met the timeliness exception set forth in section 9545(b)(1)(i) because the government had interfered with his right to file an appeal from the March 15, 2018 order by not providing him with notice of that order until May 23, 2018. Appellant filed his petition seeking the reinstatement of his appeal rights within 60 days of receiving notice of the March 15, 2018 order. *See* 42 Pa.C.S. § 9545(b)(2) (requiring, at the time Appellant filed his 2018 petition, that any petition invoking an exception be filed within 60 days of the date the claim could have first been presented). The court concluded that Appellant met the timeliness exception and reinstated his right to appeal from the March 15, 2018 order denying his first petition. The Commonwealth did not appeal from that order, and it raises no challenge herein to the court's reinstating Appellant's right to file the present appeal.

Our standard of review regarding an order denying post-conviction relief under the PCRA is whether the determination of the court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. *Commonwealth v. Touw*, 781 A.2d 1250, 1252 (Pa. Super. 2001).

In this case, Appellant contends that the trial court's imposition of a 6-month suspended sentence is illegal. He maintains that his sentence is similar to the one this Court deemed illegal in *Joseph*, and unlike the suspended sentences we approved of in *Commonwealth v. Duffy*, 681 A.2d 219 (Pa. Super. 1996), and *Commonwealth v. Harrison*, 398 A.2d 1057 (Pa. Super. 1979).

We have reviewed Appellant's argument and the cases on which he relies, as well as the Commonwealth's position that his sentence is legal. Additionally, we have examined the well-reasoned opinion of the Honorable David L. Spurgeon of the Family Division of the Court of Common Pleas of Allegheny County. We conclude that Judge Spurgeon adequately explains why *Duffy* and *Harrison* control and *Joseph* is distinguishable. *See* PCO at 3-5 (unnumbered). Consequently, we adopt Judge Spurgeon's opinion as our own and deem Appellant's suspended sentence legal. Thus, the court did not err in dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/26/2019

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## FAMILY DIVISION

SARAH MANGAN            :

           :

v.              :        FD-16-001448

           :

JOHN REZNICKCHECK    :        **OPINION OF THE COURT**

           :

**By:**

The Honorable David L. Spurgeon
Allegheny County Court of Common Pleas
440 Ross Street, Suite 5049
Pittsburgh, PA 15219

**Copies to:**

Counsel of record,

J. Richard Narvin, Esq.
State I.D. #19882
Chief Counsel
Office of Conflict Counsel
429 Forbes Avenue, Suite 1405
Pittsburgh, PA 15219

Commonwealth,

Office of District Attorney
401 Allegheny County Courthouse
Pittsburgh, PA 15219

Kathryn Simmers, Esq.
State I.D. #325736
Office of Conflict Counsel
429 Forbes Avenue, Suite 1405
Pittsburgh, PA 15219

**ORIGINAL**

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## FAMILY DIVISION

SARAH MANGAN      :      FD-16-001448

     : 

     v.      :

     :

JOHN REZNICKCHECK      :

     :

## OPINION

Before the Court is a matter arising from an Order of Sentence pursuant to a plea agreement negotiated by counsel for the above-captioned parties following an indirect criminal contempt hearing. This Court sentenced the defendant, John Reznickcheck, to three concurrent six-month suspended sentences and a three-year extension of the original Protection From Abuse Order (hereinafter "PFA") for violations of said Order.[1]

Pursuant to 23 Pa. C.S.§ 6114, a sentencing court has the following sentencing options available for a contempt violation:

> (b) Trial and punishment.
> > (1) A sentence for contempt under this chapter may include:
> > > (i) (A) a fine of not less than $300 nor more than $1,000 and imprisonment up to six months; or
> > > > (B) a fine of not less than $300 nor more than $1,000 and supervised probation not to exceed six months; and
> > > (ii) an order for other relief set forth in this chapter.

---

[1] An indirect criminal contempt proceeding is criminal in nature, a sentencing court is not required to give the contemnor a minimum as well as a maximum sentence. The sentence is best left to the sentencing court, within the limits stated in the PFA Act. Requiring minimum and maximum sentences would weaken the effectiveness of the Act; if the legislature intended such sentencing requirements, it could have written them into the PFA Act. [See *Wagner v. Wagner*, 564 A.2d 162 (Pa.Super. 1989); *Commonwealth v. Williams*, 753 A.2d 856, 865 (Pa.Super. 2000); The Pennsylvania Protection From Abuse Act: 23 Pa.C.S. §6101 et seq. Annotated]

For the reasons set forth below, there was not an abuse of discretion and the Order of this Court should be affirmed.

The defendant raised in his concise statement of errors that the Court "wrongly dismissed the defendant's Post-Conviction Relief in that the defendant's six-month suspended sentence was illegal. *See Commonwealth v. Duffy*, 681 A.2d 219 (Pa. Super 1996) and *Commonwealth v. Joseph*, 848 A.2d 934 (Pa. Super 2004) holding that suspended sentences that contain no supervisory provisions are illegal."[2]

The instant matter involves three indirect criminal contempt petitions that stemmed from three separate PFA violations committed by the defendant regarding the plaintiff, Sarah Mangan. The defendant admitted to conduct that violated the conditions of the PFA when on September 17, 2016, the defendant was seen at the plaintiff's workplace peering into a window; stopping a random person and asking that person if he was the plaintiff's new boyfriend. The defendant was also seen peering into the plaintiff's bedroom window. Additionally, in early August 2016, the defendant made repeated phone calls and sent text messages to the plaintiff. [NT 4, ln 1-18]

The defendant, through counsel, negotiated an agreement with the plaintiff's attorney (The Allegheny County District Attorney's Office) for three concurrent six-month suspended sentences and a three-year extension of the underlying PFA. The underlying conditions of the PFA include, most importantly, no contact, directly or indirectly, with the Plaintiff, amongst a host of other supervisory conditions. The consequence for violating any condition is subject to further penalty under the PFA Act. Although a prosecutor served as counsel, the sentencing

---

[2] See: Defendant's 1925(b) Statement of Errors

requirements for an indirect criminal contempt do not directly mirror that of a criminal proceeding admission or sentence. *Wagner v. Wagner*, 564 A.2d 162 (Pa. Super. 1989).

The defendant relies on *Commonwealth v. Duffy*, 452 Pa. Super 130, 681 A.2d 219 (Pa. Super 1996) and *Commonwealth v. Joseph*, 2004 Pa. Super 119, 848 A.2d 934 (Pa. Super 2004), to aver that the sentence imposed is illegal because no supervisory provisions were provided. In *Joseph*, the issue was whether the court would be left with any supervision over the defendant in light of the sentence being suspended. The defendant, from India, was sentenced to three to six-years of incarceration. Collaterally, the defendant was subjected to deportation. Upon a post-sentence motion by the defendant, the court suspended the sentence based on the premise he would voluntarily accede to commencement of a deportation proceeding by the INS. The court reserved the authority to lift the suspension in the event the defendant failed to honor his commitment.

The Superior Court in *Joseph* examined whether the sentence was an indefinitely suspended sentence or whether the suspended sentence imposed was, in effect, an order of probation. The *Joseph* Court relied on the reasoning set forth in *Duffy* (supra) in reaching its decision. The trial court in *Duffy* imposed a 90-day suspended sentence with the condition of court-ordered drug and alcohol rehabilitation as part of his plea of guilt to the underlying offense. The defendant failed to comply and the original sentence was executed. *Duffy* at 132-133. The *Duffy* court reasoned:

> "While the court's authority to impose an indefinitely suspended sentence has long been questioned by the courts of this Commonwealth, *See Commonwealth v. Tessel*, 347 Pa.Super. 37, 55, 500 A.2d 144 (1985) (Concurring Opinion by Tamilia, J.); *Commonwealth v. Ferrier*, 326 Pa.Super. 331, 473 A.2d 1375 (1984), it is important to

note that this case does not involve an indefinitely suspended sentence. The district justice in this matter imposed a sentence for a stated term of ninety days and then suspended that sentence with the proviso that Appellant successfully complete certain counseling programs. Only after the court determined that Appellant did not comply with counseling did the court direct Appellant to serve a ninety-day prison term. The action taken by the district justice in this case is akin to the imposition of a period of probation." *Id.* at 133.

The Superior Court, applying the reasoning above concluded "in this case there is no continued supervision of appellant". Although the court reserved to itself the authority to "lift the suspension" in the event appellant fails to "honor his commitment to accept deportation," the order does not make appellant subject to continued supervision by the court.

The case at bar is not like *Duffy* or *Harrison*[3]; the order here cannot be deemed an order of probation." *Commonwealth v. Joseph*, 2004 Pa. Super 119, 848 A.2d 934, 942 (Pa. Super 2004). Here, as in *Duffy* and unlike *Joseph*, this Court retained supervision, with conditions, over the defendant, by virtue of the PFA order whereby the defendant and plaintiff sought its extension. This Court's sentence was a period of six-month incarceration, which was suspended providing the defendant complied with the terms of the PFA Order. The defendant's sentence began on the date of the plea.[4] Under the PFA Act, the Court could have imposed a statutory maximum of up to six months for each violation that the defendant made an admission, or a total of eighteen months incarceration. However, adhering to the plea agreement, this Court ordered

---

[3] *Commonwealth v. Harrison*, 398 A.2d 1057 (Pa.Super. 1979)
[4] The Court: The Court will accept the pleas in these cases to the three violations as we've stated for a suspended sentence. That suspended sentence will begin today or are you asking for it to begin at the release of --
Ms. Sorrell (Asst. D.A.): I will leave that to Your Honor's discretion
The Court: It will begin today. There will be three six-month suspended sentences. The PFA will be extended until November 18, 2019. [NT 6, ln 12-23]

the negotiated sentence of three concurrent six month suspended sentences that commenced upon the acceptance of the plea. In other words, the defendant was serving his sentence the moment he left the courtroom for a defined period of time.

Notwithstanding, the PFA carries supervisory provisions that are reviewable and enforceable by the Court. Upon the conclusion of the ICC hearing, this Court did not relinquish supervision over this matter. Furthermore, by agreement of the parties, the Court has an additional three years of supervision over the defendant in order to monitor his behaviors with respect to the plaintiff.[5] Therefore, the Court's order should be affirmed.

BY THE COURT:

The Hon. David L. Spurgeon

---

[5] A PFA Order may be extended where the record supports a finding that the extension is needed to prevent further abuse. *Commonwealth v. Snell*, 737 A.2d 1232 (Pa.Super. 1999)