**[J-27-2019] [MO: DONOHUE, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| TRICIA A. THOMPSON | : | No. 36 WAP 2018 |
| | : | |
| | : | Appeal from the Order of the Superior |
| v. | : | Court entered May 8, 2018 at No. 647 |
| | : | WDA 2017, reversing and vacating the |
| | : | Order of the Court of Common Pleas |
| ASHLEY N. THOMPSON | : | of Clarion County entered February |
| | : | 15, 2017 at No. 2015-D00104 and |
| | : | remanding. |
| APPEAL OF: CLARION COUNTY | : | |
| DOMESTIC RELATIONS SECTION | : | ARGUED:  April 10, 2019 |

**DISSENTING OPINION**

**JUSTICE BAER**                                **DECIDED:  JANUARY 22, 2020**

The majority holds that a suspended sentence is a punishment unauthorized by Section 4345(a) of the Domestic Relations Code.  *See* Majority Opinion at 10 (providing that "[b]ecause suspended sentences are not statutorily authorized as punishment for non-compliance with a child support order, they are illegal and may not be imposed").  In doing so, the majority renders unlawful every suspended sentence of incarceration imposed for civil contempt of a child support order in this Commonwealth, regardless of whether the sentencing order imposes a period of incarceration to be suspended upon the condition that the obligor pay an enumerated amount of arrearages within a period of one year of less.  Because I agree with the Clarion County Domestic Relations Section ("DRS") that such declaration is overbroad and unwarranted, I respectfully dissent. Instead, I would hold that the suspended nature of the sentence does not, in and of itself, render the punishment unauthorized and, therefore, illegal, as certain suspended

sentences of incarceration, including the one at issue here, may constitute sentences of probation that are specifically authorized under the statute.

As the majority observes, Section 4345(a) of the Domestic Relations Code provides that contempt for noncompliance with a support order "shall be punishable by any one or more of the following: (1) Imprisonment for a period not to exceed six months. (2) A fine not to exceed $1,000. (3) Probation for a period not to exceed one year." 23 Pa.C.S. § 4345(a). Applying the doctrine of *expressio unius est exclusio alterius*, the majority engages in a statutory construction analysis and concludes that because Section 4345(a) does not set forth "suspended sentence" as an authorized punishment for contempt of a child support order, trial courts lack authorization to impose the same. Majority Opinion at 10.

Unlike the majority, I do not believe the General Assembly's omission of "suspended sentence" as an authorized punishment for non-compliance with a child support order in Section 4345(a) is dispositive, as the suspended nature of a sentence is not a specific punishment.[1] The permissible statutory punishments for non-compliance with a child support order are the enumerated terms of imprisonment, fine, and probation. I agree with DRS that suspending a term of incarceration based upon the satisfaction of specific conditions that include court supervision for a definitive period of time constitutes a sentence of probation, which is a permissible punishment for non-compliance with a child support order under Section 4345(a) if the probationary term is imposed for a period of one year or less.

---

[1] Similar to Section 4345(a), the General Assembly did not include "suspended sentence" as a sentencing alternative for criminal offenses in 42 Pa.C.S. § 9721(a), but provided for the imposition of probation, a determination of guilt without further penalty, partial confinement, total confinement, a fine, county intermediate punishment, and state intermediate punishment.

Intermediate appellate court jurisprudence supports the notion that some suspended sentences of incarceration constitute sentences of probation. In *Commonwealth v. Harrison*, 398 A.2d 1057 (Pa. Super. 1979), the defendant pled guilty to several counts of burglary and was sentenced to one and one-half to three years of imprisonment, to be suspended if the defendant was accepted into an approved drug treatment program, made bona fide efforts in the program, and reported to his probation officer upon completion of the program. 398 A.2d at 1058. The sentencing order further provided that if any of the conditions were not satisfied, the defendant "shall undergo imprisonment for a term as hereinbefore imposed." *Id.* After the defendant was terminated from the drug treatment program for disciplinary reasons, the trial court ordered him to serve his original term of incarceration.

On appeal, the defendant contended that notwithstanding the imposition of a suspended term of incarceration, the trial court effectively sentenced him to a term of probation, conditioned upon the successful completion of the drug treatment program. He argued that his probation was unlawfully revoked when the trial court sentenced him to his original term of incarceration without a hearing or other due process. The Superior Court agreed.

Notably, relying on a provision of the Sentencing Code that authorized five possible sentencing alternatives, including an order of probation, but did not authorize a suspended sentence, the Superior Court in *Harrison* held that the suspended sentence was a sentence of probation, notwithstanding the trial court's failure to employ the term "probation" in the sentencing order. *Id.* at 1059. In support of its finding that the suspended sentence constituted a term of probation, the court relied on the fact that participation in a drug or alcohol treatment program is an authorized condition of probation in the Sentencing Code and that the sentencing order also directed the defendant to

report to his probation officer. *Id.* Accordingly, concluding that the defendant had originally been sentenced to probation notwithstanding the trial court's imprecise phraseology, the Superior Court in *Harrison* vacated the sentence and remanded for a hearing on whether probation should have been revoked.

Similarly, in *Commonwealth v. Duffy,* 681 A.2d 219 (Pa. Super. 1996), the Superior Court held that a sentence of ninety days of incarceration, suspended upon the condition that the defendant undergo court-ordered drug and alcohol counseling and appear before the court on successive dates to ensure compliance, was akin to the imposition of a period of probation. 681 A.2d at 221. The Superior Court reasoned that, "as in *Harrison*, a sentence for a set period of time was suspended by the court, conditioned upon certain requirements." *Id. See also Commonwealth v. Joseph,* 848 A.2d at 934, 942 (Pa. Super. 2004) (interpreting *Duffy* and *Harrison* as holding that "the suspended sentences purported to have been imposed by the lower court were actually sentences of probation. This was clear from the conditional nature of the sentences, as well as the continued supervision by the court.").[2]

I would apply a similar analysis and hold that the suspended nature of a sentence for non-compliance with a child support order does not, in and of itself, render the sentence illegal, so long as the sentence imposed is not indefinite. Unlike the majority, I do not believe that all suspended sentences imposed for non-compliance with a child support order are *per se* indefinite and illegal, thereby requiring resentencing. Each sentence should be examined independently to determine if the sentence contains

---

[2] In *Joseph*, the Superior Court held that a sentence of three to six years of imprisonment to be suspended with the understanding that the defendant will agree to deportation is an illegal, indefinite suspension and not a sentence of probation. *Id.* at 942. It reasoned that although the court reserved the authority to vacate the suspension if the defendant failed to accept deportation, the order did not subject the defendant to continued supervision by the court. *Id.*

definitive terms. Where the sentence suspends a term of incarceration upon the condition that the obligor pay an enumerated amount of arrearages to be monitored by the DRS of the common pleas court for a specified period of time allowable by the statute, I would deem the terms sufficiently definitive to avoid illegality on the ground of indefiniteness. Under such circumstances, the sentence would constitute probation as it would be of a conditional nature and would provide for continued court supervision in the sense that, generally, courts issuing support orders are statutorily required to receive and disburse support payments through the common pleas courts' domestic relations section. 23 Pa.C.S. § 4325.

Turning to the facts of this case, as the majority highlights, Thompson's sentencing order provided only that she "[r]emain current with paying [her] full monthly support obligation by the last business day of each month, starting in February 2017[,]" and that she "[n]otify DRS of any change in income, address, or employment within 24 hours[.]" Trial Court Order, 2/15/2017, at 2. The order did not provide for an arrearage balance or indicate that the support obligation would terminate upon satisfaction of arrearages. Thus, there is no information on the face of the sentencing order indicating the probationary term, *i.e.*, when the arrearages would be paid in full and when court supervision by DRS would cease.

Notwithstanding this omission, the trial court made a specific finding establishing that at the time the sentence was imposed, Thompson's arrearages amounted to $1,426.18 and she agreed to pay $138 per month. Trial Court Opinion, 6/7/2017, at 7. The trial court rejected Thompson's contention that the court lacked statutory authority to impose a suspended sentence for civil contempt of a support order, holding that a court may impose a suspended sentence in a child support case without specific statutory authority, so long as the suspended sentence is not indefinite. *Id.* The trial court

reasoned that the suspended sentence imposed here was not indefinite as it would no longer be in effect in eleven months. *Id.* While it would certainly be more prudent to set forth the precise duration of the probationary term in the sentencing order itself, and I would encourage trial courts to do so, I also recognize the harried existence of the family court judge. Ultimately, I find no error in the trial court's general reasoning in this regard and believe that it does no violence to the law to find this order definite, as indeed, it is.[3]

Justice Mundy joins this dissenting opinion.

---

[3] I observe that the exercise of determining whether Thompson's sentencing order is sufficiently definite is purely academic as the Superior Court has already deemed the sentence illegal in violation of due process as it states that Thompson will not be afforded an ability-to-pay hearing prior to incarceration, and fails to set forth a purge condition that would result in her release, if fulfilled. Thus, regardless of this Court's holding on whether Thompson's sentence is illegal due to its suspended nature, the fact remains that the sentence is, nonetheless, illegal on this alternative basis. As the majority acknowledges, DRS did not challenge the Superior Court's finding of unconstitutionality on the basis of due process and sought allowance of appeal exclusively to correct what it perceived to be an overbroad declaration of illegality of all suspended sentences for non-compliance of a child support order that would have far-reaching adverse effects. Rather than correcting the Superior Court's overstatement, the majority endorses it.