J-A12021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WAYNE BAZEMORE | |
| Appellant | No. 1155 EDA 2015 |

Appeal from the Judgment of Sentence April 16, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010767-2014

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.               **FILED OCTOBER 20, 2016**

Appellant, Wayne Bazemore, appeals from the judgment of sentence entered after the trial court convicted him of burglary and criminal mischief. Bazemore contends that the Commonwealth presented insufficient evidence to support the trial court's finding that Bazemore entered the victims' home with the intent to commit a crime therein. We affirm.

Testimony at the bench trial established that Bazemore entered a residence at about 8:20 p.m. on August 14, 2014. Inside, a family was sitting and talking when Bazemore walked in. No one in the family knew Bazemore and no family member claimed to have given Bazemore permission to enter.

_____

[*] Former Justice specially assigned to the Superior Court.

Once inside, Bazemore walked over to a ten-year-old boy and said, "I want you." He then walked through the dining room into the kitchen, where he grabbed a pot lid and a steak knife. These he proceeded to bang together over his head. Disturbed by this behavior, the family quickly fled the building.

As they left their residence, Bazemore picked up a cane and began swinging it at the walls and furniture. Once the family gathered outside, they could hear glass cracking, furniture being turned over, and other assorted noised coming from inside. One family member called the police from outside the home.

Police quickly arrived and interviewed the family, who were "very scared and terrified." Upon entering the home, Officer William Bengochea observed Bazemore walking from the kitchen to the living room with a knife in his hand. Officer Bengochea ordered Bazemore to drop the knife three times before Bazemore complied.

After dropping the knife, Bazemore walked back into the kitchen, where he continued to destroy the family's belongings. After police de-escalated the situation, Bazemore sat down and complied with the officers' orders. The officers arrested Bazemore without further incident. It was later determined that Bazemore had caused over $30,000 of damage to the victim's belongings and home.

After a bench trial, the trial court found Bazemore guilty of first degree burglary and criminal mischief. Thereafter, the trial court sentenced Bazemore to a term of imprisonment of three to six years, to be followed by three years of probation. This timely appeal followed.

On appeal, Bazemore raises a single issue for our review. He contends that the evidence presented at trial cannot sustain a finding that he entered the residence with the intent to commit a crime. Specifically, he contends that the evidence indicates that he entered the house due to an "utterly spontaneous impulse, rather than a previously formed criminal intent." Appellant's Brief, at 11.

We review a challenge to the sufficiency of the evidence by determining whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom is sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. *See Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003). The Commonwealth may sustain its burden of proving every element beyond a reasonable doubt by means of wholly circumstantial evidence. *See Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007).

The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. *See id*. Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. *See id*. As an

appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record. *See Commonwealth v. Kinney*, 863 A.2d 581, 584 (Pa. Super. 2004). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Bruce*, 916 A.2d at 662 (citation omitted).

Bazemore argues that pursuant to *Commonwealth v. Crowson*, 405 A.2d 1295, 1296-1297 (Pa. Super. 1979), the mere fact that he committed a crime while inside the residence is insufficient to establish that he intended to commit a crime when he entered. However, as Bazemore concedes, the test for sufficiency of the evidence to support a finding of intent is the totality of the attendant circumstances. *See* Appellant's Brief, at 10; *see also Commonwealth v. Eck*, 654 A.2d 1104, 1108-1109 (Pa. Super. 1995). Furthermore, the Commonwealth need not prove, or even allege, which specific crime the defendant intended to commit; it must merely prove a general criminal intent. *See Commonwealth v. Alston*, 651 A.2d 1092, 1095 (Pa. 1994).

Here, we have no difficulty in determining that the Commonwealth carried this burden at trial. One family member testified that, after Bazemore entered the home, she asked him, "Who are you? You've got the wrong house. Who are you looking for?" N.T., Trial, 2/3/15, at 15. Bazemore did not respond to these questions, nor did he leave the house. Thus, there

was evidence that Bazemore's entry was not unknowing or the result of a mistake. Furthermore, there was testimony that, once he had scared the family out of the house, Bazemore proceeded to vandalize the home. ***See id***., at 19. As a result, the trial court, sitting as fact-finder, was entitled to infer that Bazemore intended to commit a crime when he entered the home.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2016