J-S04026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAHID PARHAM | : | |
| | : | |
| Appellant | : | No. 551 EDA 2023 |

Appeal from the PCRA Order Entered February 2, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0015369-2013

BEFORE: BOWES, J., STABILE, J., and LANE, J.

MEMORANDUM BY STABILE, J.: **FILED APRIL 24, 2024**

Shaid Parham (petitioner) appeals an order of the Court of Common Pleas of Philadelphia County (PCRA court) denying his petition for postconviction relief.[1]  We affirm.

This case began in 2013, when petitioner was involved in a fatal shooting.  Petitioner and his cousin, Muhammad Munson, held themselves out as prospective buyers of a watch that belonged to Dwayne Davis.  Both petitioner and Munson ostensibly appeared at the home of Davis to examine the merchandise.

However, upon arriving through the front door, petitioner drew a firearm on Davis.  Petitioner told Davis, "You know what time it is, old head."  N.T. Trial, 4/9/2015, at 63.  Despite being outnumbered and taken by surprise,

---

[1] The petition was filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 (PCRA).

Davis was able to wrest away control of the weapon, and he then used it to shoot both petitioner and Munson while they fled. Munson succumbed to his wounds moments later, and he passed away while still in Davis' backyard.

Petitioner survived, but he only managed to run a block away from the home before collapsing to the ground. Police found petitioner and provided him with medical attention. He was taken into custody and charged with several counts relating to the attempted robbery of Davis.

In 2015, at a non-jury trial, one of the legal issues put before the trial judge was whether petitioner could be convicted of burglary when force had not been used to enter the victim's home. The Commonwealth argued in part that since petitioner entered the home with the intent to commit a robbery, and he did so under the false pretense of buying a watch from the victim, the evidence of burglary was legally sufficient.

Another issue was a factual dispute as to how the firearm was discharged. In the victim's account, petitioner first fired the gun while in the home, striking a wall, at which point petitioner dropped it to the ground, enabling the victim to pick up the weapon and use it against petitioner.

The defense argued that the evidence was more consistent with a struggle between petitioner and the victim over the weapon before it was discharged, making it unlikely that petitioner had ever shot a round into the wall. The trial judge accepted the defense's argument in that regard, and as a result, the portion of the victim's testimony concerning petitioner's use of

force was found to be not credible; the rest of the victim's account *was* found to be credible, including petitioner's method of gaining entry into Davis' home.

There is no dispute that petitioner was convicted of robbery, conspiracy, possession of a firearm without a license, possession of a firearm prohibited, possessing a firearm as a minor, and possessing an instrument of a crime. He was found not guilty of aggravated assault because the trial court determined that there was no evidence that he intended to cause the victim serious bodily injury. This portion of the verdict was consistent with the trial court's factual finding that petitioner had never attempted to shoot the victim.

After announcing the verdict, the trial judge indicated that he would "reconsider" the burglary conviction if petitioner was able to find any legal authority that would support an acquittal. ***See id***., at 183. The docket entry for the date of the verdict indicates that petitioner was found guilty of the following offenses: Count 2 (Robbery), **Count 3 (Burglary)**, Count 4 (Conspiracy), Count 5 (Carrying Firearm Without a License), Count 7 (Possession of Firearm by a Prohibited Person), Count 9 (Possession of a Firearm by a Minor), and Count 10 (Possession of an Instrument of Crime). The docket further reflects that the trial court found petitioner not guilty only as to Count 1 (Aggravate Assault), and the remaining charges (Counts 6, 8, 11, and 12) were *nolle prossed*.

At the sentencing hearing held on June 18, 2015, defense counsel suggested that petitioner had been found not guilty of burglary. In response, the trial court clarified that petitioner had been in fact been found guilty of

that count, and that the defense had only been invited to "find something to the contrary, and bring it up again and I'll reconsider [the guilty verdict]." N.T. Sentencing Hearing, 6/18/2015, at 16-17. The trial court pointed out that it would not have made sense for it to reconsider a verdict of "not guilty" because double jeopardy principles would have precluded such reconsideration. *See id*.

The defense then presented argument on the issue of legal sufficiency on the burglary count, asserting that there was no evidence that petitioner had planned to commit a crime in the victim's house prior to entering. *See id*., at 17-18. The defense also emphasized that the victim had been found not to be credible as to the circumstances in which he recovered the weapon that petitioner had brought into the house, preventing the Commonwealth from proving beyond a reasonable doubt that petitioner had the requisite criminal intent prior to entry. *See id*. The trial court rejected the defense's argument and reiterated that petitioner was "guilty of burglary." *Id*., at 20.

Petitioner was sentenced to an aggregate prison term of 32-64 years. Months after his sentencing, petitioner filed a motion for reconsideration, arguing that the notes of testimony from the trial had indicated a verdict of not guilty on the burglary count. The motion was denied on October 22, 2015, following a hearing.

Petitioner then sought extraordinary relief based on a similar ground. This time, he asserted that he had been found not guilty of burglary, and that trial counsel had not been prepared to litigate the sufficiency of the evidence

- 4 -

of burglary at the hearing on petitioner's post-sentence motion. The motion for extraordinary relief was never ruled upon.[2]

Petitioner appealed his convictions on two occasions. The first appeal was denied for being untimely filed. Petitioner's direct appeal rights were then reinstated, *nunc pro tunc*, following a meritorious PCRA petition, and on April 7, 2020, Petitioner's judgment of sentence was upheld. **See Commonwealth v. Parham**, No. 66 EDA 2019 (Pa. Super. April 7, 2020) (unpublished memorandum). One of the issues petitioner raised was that the evidence of burglary was legally insufficient because he had been invited into the home by its owner, but the panel rejected that ground, finding that the crime could occur where entry was made under false pretenses, negating the invitation. **See id**., at 7-8.

On June 22, 2021, petitioner filed a timely *pro se* PCRA petition. Counsel was appointed, and an amended petition was filed on petitioner's behalf on November 24, 2021. Petitioner argued that his trial counsel was ineffective in (a) failing to present a cogent argument that he could not be convicted of burglary; (b) not including notes of testimony in support of a motion for reconsideration of the sentence; and (c) not allowing petitioner to testify at trial. **See** Amended PCRA Petition, 11/24/2021, at 2.

On February 2, 2023, the PCRA court dismissed the amended PCRA petition. An appeal was timely filed thereafter, and the PCRA court in turn

---

[2] The certified record contains no transcription of the hearing held on October 22, 2015.

- 5 -

filed an opinion in accordance with Pa.R.A.P 1925(a). **See** PCRA Court 1925(a) Opinion, 6/20/2023, at 1-7. Petitioner now raises the following two issues in his brief:

> 1. Whether the [PCRA] court erred when it denied [petitioner's] PCRA claim that trial counsel was ineffective for failing to provide case law and argument relating to whether [petitioner] should be convicted of burglary after being requested to do so by the trial court.
>
> 2. Whether the [PCRA] court erred when it denied [petitioner's] PCRA claim that trial counsel was ineffective for failing to file a motion for reconsideration with the relevant notes of testimony to explain [the trial court's ruling].

Appellant's Brief, at 5-6 (suggested answers omitted).

When reviewing the denial of a PCRA claim, this Court must determine whether the PCRA court's ruling is supported by the record and free of legal error. **See Commonwealth v. Mitchell**, 141 A.3d 1277, 1284 (Pa. 2016). The PCRA court's credibility determination will not be disturbed unless they are unsupported by the certified record. **Id.** This Court may affirm the PCRA court's decision as long as there is any basis in the record to do so. **See Commonwealth v. Smith**, 194 A.3d 126, 132 (Pa. Super. 2018).

Petitioner's first claim is that his trial counsel was ineffective in failing to adequately argue to the trial court that the intent element of burglary was insufficient to sustain his conviction. According to petitioner, the trial court would have been persuaded to find him not guilty of burglary had counsel presented caselaw to that effect. Petitioner cites several cases, such as **Commonwealth v. Crowson**, 405 A.2d 1295, 1296 (Pa. Super. 1979) and

*Commonwealth v. Magnum*, 654 A.2d 1146, 1147 (Pa. Super. 1995), for the proposition that, to prove the commission of a burglary in the present matter, the Commonwealth had to establish that petitioner entered the victim's home through deceit or false pretenses, and such intent could not be inferred merely from the commission of a crime after entry. According to petitioner, the Commonwealth failed to prove that element because the only evidence of petitioner's intent when entering the victim's home came in the form of the victim's testimony. Petitioner argues that he would have prevailed at trial had counsel made this argument because the trial court had already found the victim not to be credible.

To succeed on an ineffectiveness claim, a PCRA petitioner must prove by a preponderance of the evidence that 1) the underlying claim has arguable merit; 2) counsel had no reasonable basis for the challenged action or inaction; and 3) counsel's conduct caused prejudice, such that there was a reasonable probability that the outcome of the proceedings would have been different but for counsel's deficient performance. *See Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018); *see also* 42 Pa.C.S.A. § 9543(a)(2)(ii) (enumerating ineffectiveness of counsel as a ground for postconviction relief).

The failure to satisfy any single prong of this three-part test is fatal to a claim of ineffectiveness. *See Wholaver*, 177 A.3d at 144. It is well established that counsel may not be found ineffective for failing to raise a

meritless claim. *See Commonwealth v. Spotz*, 896 A.2d 1191, 1209 (Pa. 2006).

"A person commits the offense of burglary if, with the intent to commit a crime therein," he "enters a building or occupied structure, or separately secured or occupied portion thereof that is adopted for overnight accommodations in which at the time of the offense any person is present." 18 Pa.C.S.A. § 3502(a)(1).[3] It is a defense to burglary if "at the time of the commission of the offense . . . [t]he actor is licensed or privileged to enter." *Id.*, at § 3502(b)(3). For the purposes of the burglary statute, a license or privilege to enter a building or occupied structure "is negated when it is acquired by deception." *Commonwealth v. Sanchez*, 82 A.3d 943, 973 (Pa. 2013). The intent to commit a crime must be formed prior to the entering. *See Commonwealth v. Russell*, 460 A.2d 316, 321 (Pa. 1983).

Here, petitioner has not established any of the three prongs of his ineffectiveness claim. First, the claim has no underlying merit. It was of no moment that defense counsel did not cite specific cases when arguing the sufficiency of the evidence for the burglary count. Such case law could have been entirely cumulative because the trial court, the Commonwealth, and defense counsel already understood that the intent element of burglary could be proven by evidence that petitioner used fraud or deceit to enter the victim's

---

[3] The version of the burglary statute cited here was in effect from September 4, 2012 until February 20, 2014. Petitioner's offense date was September 10, 2013.

home prior to entry.[4] The parties specifically debated the evidence with respect to that point. Additional legal authority could not logically have altered the trial court's assessment of the evidence in any meaningful way.

Due to the lack of underlying merit in petitioner's claim, it is not possible for him to establish the second and third prongs of the test for ineffectiveness. Accordingly, the PCRA court did not err in denying postconviction relief as to this claim.

In petitioner's second claim, he simply contends that his trial counsel was ineffective in not providing the trial court with notes of testimony from the trial. As with petitioner's first claim above, we find that none of the prongs of ineffective assistance of counsel have been met.

Petitioner maintains that, had trial counsel presented the notes of testimony at the sentencing, he would have somehow been found not guilty of burglary. It is unclear whether petitioner is arguing here that the notes of testimony would have reflected a verdict of not guilty on the burglary count, or that the notes of testimony would have proven that he lacked the requisite intent to commit the offense. Either way, the notes of testimony would have been unavailing.

---

[4] At the hearing on the post-sentence motion, the Commonwealth cited two cases, **Commonwealth v. Edwards**, 903 A.2d 1139, 1148 (Pa. 2006), and **Commonwealth v. Thomas**, 561 A.2d 699, 705 (Pa. 1989), both which are consistent with the holdings of the cases identified by petitioner.

The record establishes that the trial judge found him not guilty of aggravated assault, and "guilty of the other charges," which necessarily included the burglary count. N.T. Trial, 4/9/2015, at 182-83. The burglary conviction is also evidenced by the case docket, which reflects that petitioner was found guilty and sentenced as to that crime. The trial disposition and dismissal form, signed by the trial judge, further verify the burglary conviction. It therefore follows that petitioner cannot show that his trial counsel erred because, had the notes of testimony been presented to the trial court, they would have been entirely consistent with the fact that petitioner was convicted of burglary.

The alternative argument petitioner seems to be making – that the absence of the notes of testimony weakened his sufficiency claim concerning the intent element of burglary – is both undeveloped and belied by the record. Petitioner does not articulate what parts of the trial transcript, and which specific facts, would have prompted the trial court to vacate the burglary conviction at the sentencing hearing. *See Commonwealth v. Spotz*, 18 A.3d. 244, 323 (Pa. 2011) (undeveloped appellate claims are waived and unreviewable).

Further, Petitioner does not even attempt to construe the case facts in a way that is inconsistent with how the trial court summarized the evidence. *See* Trial Court 1925(a) Opinion, 10/5/2016, at 2-5; *see also* Appellant's Brief, at 17-19. Thus, petitioner's second claim has no underlying merit, and the PCRA court did not err in denying postconviction relief on that ground.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 4/24/2024